GUTZWILLER, Respondent, v. LACKMAN & OTHERS, Appellants.

1. The character of either party to a civil suit can not be inquired into, unless it is put in issue by the nature of the proceeding itself.
2. Where property is conveyed by a debtor to a trustee for the benefit of his creditors, and, at the trustee's sale thereof, is purchased for the use and benefit of the debtor, or with money furnished by him: *Held,* that the title of such purchaser is not valid as against creditors.
3. A creditor who knowingly acquiesces in a sale made by a trustee under an assignment for the benefit of creditors, and accepts his proportional share of the proceeds of the sale, is estopped to deny the validity of the sale.

*Appeal from St. Louis Land Court.*

This was an action in the nature of an action of ejectment, to recover possession of a lot in the city of St. Louis. Plaintiff claimed title by virtue of a deed of conveyance, dated May 17, 1853, executed by one Thomas J. Meier as trustee for one John T. Schultze. The defendants answered, denying all the allegations of the petition. A. J. P. Garesché, claiming to be landlord of the other defendants, was made a co-defendant, and filed his answer, alleging therein that the deed of trust from Schultze to Meier was fraudulent and void, as having been made with intent to hinder and delay the creditors of Schultze; that the deed from the trustee, Meier, to plaintiff, was void for the same reason. Defendant, Garesché, claimed title by virtue of a sale on execution under a judgment, dated April 22d, 1852, against the said John T. Schultze and one Henry Mauck, and a deed from the sheriff of St. Louis county, dated September 29, 1853, conveying to defendant all the interest of the said Schultze in the premises in controversy.

On the trial, evidence was introduced by plaintiff tending to show that Schultze, on 31st December, 1851, conveyed to Thos. J. Meier the premises in controversy, in trust for the payment, in fifteen months from the date of the deed of trust, of the claims of certain creditors (among whom were E. & H. Simons, who were specified in the deed of trust) of the said

Schultze and his partner, Mauck, the payment of which was assured by Schultze ; that Schultze having failed to pay, the said Meier, in pursuance of the deed of trust, at the request of Charles B. Lord, the attorney of the said E. & H. Simons, about the 10th day of April, 1853, gave the notice required by the deed of trust, and proceeded to sell on the 16th of May, 1853, the trust property to Peter Gutzwiller, the plaintiff, and executed a deed, dated May 17th, 1853, conveying the said premises to plaintiff ; that Charles B. Lord attended the sale— bid several times for the property—received the share of the proceeds of the sale due to his clients, E. & H. Simons, and gave a receipt therefor in their name.   Evidence was also introduced, to the admission of which defendants objected, tending to prove the good reputation of the plaintiff for honesty.

Evidence was introduced on the part of defendant tending to prove that on the 22d day of April, 1852, E. & H. Simons obtained, in the St. Louis Circuit Court, a judgment against Schultze and Mauck for $907 79 and costs ; that on the 30th day of April, 1853, an execution issued under this judgment, and a levy of the same was made on the premises in controversy August 15th, 1853 ; that on the 5th day of September, Charles B. Lord, in behalf of E. & H. Simons, assigned to defendant, Garesché, the judgment in favor of the said E. & H. Simons against the said Schultze and Mauck ; that the said Garesché became the purchaser at the sheriff's sale on the 8th of September, 1853, and received the sheriff's deed therefor, dated September 29th, 1853 ; that the deed of trust from Schultze to Meier, dated December 31st, 1851, was made with intent to delay and defraud the creditors of the said Schultze ; that Gutzwiller, the plaintiff, purchased the premises in controversy at the trustee's sale, for the use of Schultze, and in part with money furnished by him.   There was also evidence tending to show a sale, in the year 1851, of a stock of jewelry belonging to Schultze and Mauck, to Gutzwiller ; that Gutzwiller paid no consideration for the same, and that the sale was made with intent to delay and hinder the creditors of Schultze and Mauck.

The following instructions, among others, which it is unnecessary to set forth, were asked by the defendants, and refused by the court:

" 2. If the jury believe from the testimony that Peter Gutzwiller purchased the lot sued for at the sale by the trustee, Meier, on the —— day of May, 1853, for the use and benefit of John T. Schultze, or that the purchase money of said lot or any part of it was paid with the means of said Schultze, they will find for the defendant."

" 4. The jury are instructed that the standing and character of Peter Gutzwiller has nothing whatever to do with the matters in issue in this suit."

" 5. The jury are instructed that the responsibility of Peter Gutzwiller, as a man of means and property, has nothing whatever to do with the issues in this cause."

Defendant duly excepted to the refusal of these instructions.

The court gave the following instructions : " 1. If the jury shall believe from the evidence that it was, subsequent to the execution of the bill of sale of jewelry, understood and agreed upon between the plaintiff and Schultze and Mauck, that the proceeds of the sale of the stock of jewelry was to be applied to the payment of the debts due by Schultze and Mauck, and no consideration was paid by Gutzwiller for said stock, as stated in said instrument, then the same is an assignment of the said stock by Schultze and Mauck for the benefit of their creditors, to the plaintiff ; and the conditions [creditors] of Schultze and Mauck, existing at the time of the said understanding, have a perfect right to make the plaintiff account to them for the proceeds thereof towards the satisfaction of their respective demands.   2. If the jury shall believe from the evidence that Charles B. Lord was, at the time of the advertisement and sale of the property by Thomas J. Meier as trustee, the attorney for E. & H. Simons, and acted in that capacity until the said property was sold, and that said Lord, as such attorney, participated and bid upon the property so sold, and subsequently accepted the *pro rata* share of the proceeds of said sale under

Gutzwiller v. Lackman.

said deed, as such attorney, then the said E. & H. Simons, or said Garesché as the assignee of said Simons, are barred and precluded from setting up as a defence to this action, that said deed of trust was made for the purpose and with intent to hinder and delay the creditors of Schultze and Mauck. 3. If the deed under which defendants claim is under an execution against Schultze and Mauck, in favor of E. & H. Simons; if, therefore, the jury shall believe from the evidence that the defendant had purchased the interest of said E. & H. Simons in the judgment and execution under which said property was sold by the sheriff, previous to the sale of the sheriff and subsequent to the sale by Meier as trustee, then the said Garesché must be regarded as only having the same right which the Simonses had at the time; and therefore all acts of said Simonses, by themselves or their attorney, previous and up to the assignment, and all matters brought to the notice of said Simons or their attorney, up to said time, the said Garesché is bound by."

Defendants duly excepted to the giving of these instructions.

The following instructions were given by the court in lieu of instructions asked : " 1. If the jury believe from the evidence that the deed of trust from Schultze to Meier was made for the purpose and with the intent to hinder and delay or defraud the creditors of Schultze, the said deed was void and is void as against the said creditors and purchasers of the property under the right of said creditors. 2. If the jury find from the evidence that it is true, as charged in the answer of the defendant, Garesché, that the purchase from the trustee, Meir, by the plaintiff, Gutzwiller, was made with the view and intent to hinder, delay and refuse the creditors of the said Schultze, the said purchase and the deed of conveyance made in pursuance thereof are inoperative and void as against the defendants ; and if made with such fraudulent intent, it is not important to the question of fraud or no fraud, whether or no the purchaser paid for the property a valuable consideration in money. [*Sic* in the record. Rep.] 3. It is not for the court to determine whether or no the facts shown in testimony amount to

a fraud. Fraud is a fact to be found by the jury upon the evidence, and is not to be presumed without proof."

Defendants duly excepted to the giving of these instructions.

The jury rendered a verdict for the plaintiff ; judgment was given accordingly, and a motion for a new trial having been overruled, an appeal was taken to this court.

*W. L. Williams* and *A. J. P. Garesché*, for appellants, cited Burrell on Assignments, 527 ; 1 Raw. 177 ; 6 Pick. 440 ; 9 Conn. 481 ; Crutchfield's heirs v. Hudson, 23 Alabama, 393.

*Hart & Jecko*, for respondent.

Scott, Judge, delivered the opinion of the court.

We do not see on what principle the plaintiff was permitted to introduce evidence of his good character. The rule is stated in the books, that, as evidence is to be confined to the points in issue, the character of either party can not be inquired into in a civil suit, unless it is put in issue by the nature of the proceeding itself. (1 Phil. 176 ; 2 Greenl. on Evidence, § 54, 55 ; 1 Cow. & Hill's notes, 456.) There may be exceptions to this rule, but the cases do not show that evidence of character is admissible in controversies like the present.

The second instruction asked by the defendants should have been given. The facts and circumstances detailed in evidence furnished sufficient ground on which to base such an instruction. If the purchase made by the plaintiff at the trustee's sale was a pretended one, or was made with means furnished by Schultze, the plaintiff was not entitled to recover. There was no instruction given which set this point in a plain way to the jury. If any instruction covered this matter at all, it was only by indirection.

From the view we take of the case, we do not see the importance of the principle sought to be applied, that a creditor taking a dividend under an assignment which is voidable as tending to delay creditors, can not afterwards call in question the

Gutzwiller v. Lackman.

validity of the trust or assignment. (Burrell on Assignments, 527, 543.) The deed of trust, in our opinion, is not void as a matter of law on its face. Its invalidity is to be shown by extrinsic evidence. The point of the defendants' defence is, that the plaintiff was a mere instrument, assisting Schultze in defrauding his creditors, and purchased the lot in controversy with means furnished by him. In this view Gutzwiller could have no interest in maintaining the validity of the original deed of trust. Such being the fact, the invalidity of that instrument would not place him in a worse condition. If this view of the case is not supported by the evidence, it is hardly worth while to institute an inquiry whether the trust deed was void under the statute of fraudulent conveyances. If the deed of trust was valid, yet if the lot was purchased with means furnished by Schultze, the plaintiff can not recover; and if the evidence does not show this, there is little use in attempting to overthrow the original deed, as the same evidence must be relied on for that purpose that is employed to show that in making the purchase there was a secret trust between Schultze and Gutzwiller.

No deed under the statute of fraudulent conveyances is an absolute nullity. All such instruments are valid between the parties thereto. They can only be avoided by creditors and subsequent purchasers. If one becomes a purchaser under such a conveyance for a valuable consideration, in good faith, his title will be valid. If, on the other hand, he purchases in bad faith, he will go unprotected, and will lose his money. Now if a deed is made, which a creditor may avoid if he sees fit, yet if he knowingly acquiesces in a sale by a trustee under such a a deed, and accepts a dividend of his debt arising from the proceeds of the sale, does he not thereby affirm the deed? Accepting a portion of his debt with a full knowledge, would it be just, with that money in his pocket, to turn around and avoid the deed under which he obtained it? Should he not at least refund the money he has received before he takes such a step. Notwithstanding the case of Crutchfield's heirs v. Hudson,

(21 Ala. 403,) we are not prepared to depart from the rule laid down in Adlum v. Yard, (1 Rawle, 163,) that though an assignment be in its nature calculated to delay creditors, and therefore voidable, yet, if a creditor take a dividend under it, he can not afterwards question its validity.

The other judges concurring, the judgment will be reversed, and the cause remanded.