————o————

MARY GILLIS ROGERS AND SOPHIA GILLIS, Appellants, *vs.* MARY A. TROOST's Admr., Respondent.

1. *Evidence—Reputation of party to suit as to chastity, when may be inquired into—Wills—Undue influence of beneficiary.*—Evidence as to the chastity of a party to the suit is admissible only where there is an issue directly involving the character of the party, or when it is necessary in order to ascertain the amount of damages, or when it is a matter of fact rendered material by preceding evidence. And where it was attempted to set aside a will on the ground of undue influence and control on the part of the beneficiary over the testator, and no issue was made as to the chastity of the devisee, *held* that her chastity was not properly a matter of evidence.

2. *Evidence—Objection, grounds of—What statement sufficient.*—An objection to evidence as incompetent and irrelevant, sufficiently states the grounds of such objection.

*Appeal from Jackson Circuit Court.*

*Merriman, Hough and Cowan,* for Appellants.

I. In almost every case like the present, where a will is contested on the ground that it has been procured by fraud and undue influence on the part of the principal devisee, the chief inquiry after ascertaining the character of the testator, is to ascertain the character of the devisee. (Nussear vs. Arnold, 13 Serg. & R., 327; Dietrick vs. Dietrick, 5 Serg. & R., 208; Dean vs. Negley, 41 Penn. St., 312; State vs. Shields, 13 Mo., 236; Day vs. State, *Id.*, 423.)

II. The objections to the testimony offered were not sufficiently definite. The objections as shown in the record were

Rogers and Gillis v. Troost's Adm'r.

that the testimony was incompetent and irrelevant. The objections should be such as will enable the party offering the testimony to obviate them if possible, and no specific objections can be pointed out in this court, that the record shows were not made in the court below.

The objections made as appears by the record, should have been disregarded. (Clark vs. Conway, 23 Mo., 442; Grim vs. Gamache, 25 Mo., 41; Greene vs. Gallagher, 35 Mo., 226; State to the use, etc., vs. King, 44 Mo., 238.)

*Black, Hicks and Sheley,* for Respondent.

I. In civil actions the *allegata* must be proved or disproved by particular facts, and not by general reputation. (Potter vs. Webb, *et al.*, 6 Maine, 18 ; Gutzwiller vs. Lackman, 23 Mo., 172.)

II. The court did not err in rejecting the testimony offered by plaintiffs to prove the reputation of Mary A. Troost for chastity to be bad. (Anderson Exr. vs. Long, 10 Serg. & R., 60 ; Wright vs. McKee, 37 Verm., 164 ; Gough vs. St. Johns, 16 Wend., 646.)

III. Putting character in issue is a technical expression, and confined to certain actions, such as criminal conversation and slander. The allegation charging her with undue influence over the mind of the testator in procuring the will was not putting her character in issue. (Anderson's Executor vs. Long, *ubi supra.*)

VORIES, Judge, delivered the opinion of the court.

William Gillis died in Jackson County in July 1869, leaving a will. Plaintiffs are his only children, their mothers being Delaware Indians to whom he is alleged to have been married. Gillis left a large estate of which he by his will only bequeathed plaintiffs ten dollars each, leaving all the remainder of his large estate to Mary A. Troost, his niece, who resided with him at the time of his death, plaintiffs not having resided with him for many years. Mary A. Troost was by the said will of Gillis appointed executrix thereof, and at the November term of the Probate Court of Jackson County she procured

the will to be probated, and entered on the duties of executrix of said estate. In the month of February, 1870, plaintiffs commenced this suit against the said Mary A. Troost under the provisions of the twenty ninth section of the statute of this State concerning wills, to contest the validity of the will. Since the suit has been pending Mary A. Troost has died, and the present defendants who succeed to her rights in the premises have been made defendants in her place.

The charges in the petition by which it is claimed that the will is invalidated are, " That the will was not executed according to law "—"That said Gillis was not at the time of the execution of the will, of sound and disposing mind and memory and was not capable in law of making a will "—" That for a long time prior to the pretended execution of said instrument purporting to be the will of William Gillis, and up to the time of his death, and especially at the time of the pretended execution of said will, the said William Gillis was under the undue and improper influence of the defendant, Mary A. Troost, and was by reason thereof incapable in law of making a will."

" That said Mary A. Troost sought by her constant and uninterrupted association with and attendance upon the said William Gillis, and by the use of those enticements, allurements and blandishments peculiar to a female, to so work upon and overcome the natural desires and inclinations of the said William Gillis as to induce him, the said William Gillis, to execute said instrument aforesaid, purporting to be the last will and testament of the said William Gillis; and at the time of executing the same, the said William Gillis was under improper restraint and undue influence from the said practices, enticements and allurements of the defendant Mary A. Troost. It is further stated that at the time of the pretended execution of the will, Gillis was about seventy years old—that his old age, declining health, and debility of mind and body wholly incapacitated him to resist the persuasions and deceitful arguments of the said Mary A. Troost, and that she did then and for a long time previously and up to the time of the death of the

said William Gillis, take possession and control of his mind, and poisoned and estranged it to such an extent as to make him disown, forget and leave as castaways the plaintiffs, his only legal offspring, in order and to the intent that she might become the legatee of the whole estate of the said William Gillis." These charges were all specifically denied by the answer.

When the cause was called for trial and a jury impanelled and sworn, this issue was submitted to them for trial.

"Is the paper writing mentioned in the pleading and now here shown to the jury, the last will and testament of William Gillis deceased?"

The evidence produced and given to the jury on the trial by the several parties, as it appears in the record of the case, is quite voluminous, but it is unnecessary to refer to it for the purpose of a proper understanding of the points to be decided by this Court, further than to say that the evidence given tended to prove the issues devolving upon each side of the case.

After evidence had been given to prove the length of time Mrs. Troost had been residing in the house with William Gillis, and the influence that she seemed to have over him, one William Mulkey was introduced by the appellants who testified that he had been acquainted with William Gillis and Mrs. Troost for nearly thirty years, and that they had resided together all of that time; that she managed his household affairs, &c., &c. The witness then stated that he was acquainted with the general reputation of Mary A. Troost for chastity in the community where she resided and had resided for many years. The plaintiff then asked the witness to state, "what was the general reputation of the defendant Mary A. Troost for chastity for years prior to this time in the community where she lived?" To this evidence the defendant objected on the ground that the evidence was irrelevant and incompetent. The Court sustained the objection and excluded the evidence, and the plaintiff excepted. The plaintiff then offered to prove by the witness that he was well acquainted with the reputation of Mary A. Troost for chastity in the community where she had

lived, and that it was not good and had not been for many years. To this evidence the defendant objected for the same reasons above stated. The Court sustained the objection and excluded all evidence of the general reputation of the defendant for chastity, to which ruling of the Court the plaintiff again excepted.

After the evidence was closed, the jury was instructed as to the law by the court, after which they found a verdict that the paper submitted to them was the last will and testament of William Gillis. The court rendered a judgment for the defendant.

No objection was made or exceptions taken by either party to the instructions given by the court.

After the rendition of judgment by the court the plaintiff filed a motion for a new trial. The only ground set up in said motion for a new trial, is the improper exclusion of evidence by the court. This motion being overruled, the plaintiff excepted and appealed to this court.

The only question presented by the record in this case, for the consideration of this court is, whether the court that tried the cause, properly or improperly excluded the evidence offered by the plaintiff to prove the general reputation of Mrs. Troost for chastity. It is contended by the appellant that in almost all cases like this where a will is contested on the ground that it has been procured by fraud and undue influence on the part of the principal devisee, the chief inquiry after ascertaining the character of the testator, is to ascertain the character of the devisee. This may be true to some extent ; you may inquire into the relations that the testator and devisee bore to each other, and whether she was of strong will what influence she had over the testator ; whether she was in the habit of exercising that influence ; and their conduct and relations with each other, &c. But whether you can inquire into her general character for chastity, would depend in each case upon the question whether there was any issue made in the case involving the character of the devisee for chastity. I think that generally such evidence is not admissible.

The rule in such cases is well stated in the case referred to by appellant, of Nussear vs. Arnold, (13th Seargt. & R., 327.)

That was a case in which a will was being contested on the ground that it had been procured by fraud and deceit. Evidence was admitted to prove the character of the devisee, but the learned judge who delivered the opinion of the court, stated the principle upon which the evidence was admitted in very clear language as follows : "It is material that before this evidence, it had been sworn by one of the defendant's witnesses that these women had combined to impose on the testator after he had lost the use of his natural faculties, that they kept him in a state of intoxication, and had represented each other as persons of virtue and good character, and urged him to make his will in their favor, in exclusion of his own blood relations, and that the subscribing witnesses to the will had made the same representations. Under these circumstances I have no doubt that the evidence was admissible, because it had a tendency to prove that the testator had been deceived by falsehood. It is not like the usual case of examining into the character of a person, not a witness in the case, which the law will not permit, but an inquiry into a matter of fact rendered material by the preceding evidence." Now if we adopt the rule laid down by the learned judge in that case it will be difficult to find any issue in the pleadings in this cause, or any evidence in the cause which would furnish a foundation upon which such evidence could be admitted. There must be an issue directly involving the general character of the party, or it must be necessary in order to ascertain the amount of damages, in order to the admissibility of such evidence. It is said by Greenleaf, that it is not every allegation of fraud that puts the character in issue.—"This kind of evidence is therefore rejected wherever the general character is involved, by the plea only, and not by the nature of. the action. Nor is it received in actions of assault and battery, nor in assumpsit; nor in trespass on the case for malicious prosecution, nor in ejectment to set aside a will for fraud committed by the defendant. (1st Greenl Evid, 85, 55, and authorities there cited.)

I can see nothing either in the nature of, or issues in the case under consideration involving the character for chastity of Mrs. Troost, nor do I find any authority in the books for the admission of such evidence in a case like the one under consideration. I have carefully examined all of the authorities referred to by the appellant, (except the case in 3 Paine, which was not in my reach) and I find nothing in them that, to my mind, would justify the admission of the evidence excluded in this case. In the case of Gutzwiller vs. Lackman, (23 Mo., 168.) the rule is stated to be, that as evidence is to be confined to the points in issue, the character of either party cannot be inquired into in a civil suit, unless it is put in issue by the nature of the proceedings itself.

This I think to be the correct rule, and as there was no such issue involved in the case under consideration, the evidence was properly excluded.

But the appellant contends that the evidence ought not to have been excluded because the defendant did not sufficiently point out the objections to the evidence. The objection was stated to be on the ground that the evidence was irrelevant and incompetent. I think the reasons stated are sufficient. It is well settled by numerous decisions in this state that an objection to evidence should point out the grounds upon which the objection is made. I think this was sufficiently done in the case under consideration ; the evidence was excluded because there was no issue in the case involving the general character of the defendant. How could the ground of the objection be more clearly stated, than to state that the evidence was irrelevant and incompetent. I think that the circuit court committed no error in excluding the evidence, and that the judgment ought therefore to be affirmed.

Judge Adams not sitting. The other judges concurring, the judgment of the Circuit Court is affirmed.