THE STATE v. JENNINGS, *Appellant.*

1. **Criminal Law**: EMBEZZLEMENT: SEVERAL COUNTS: ELECTION. The case of *The State v. Pratt, ante,* p. 482, as to an election by the state where there are several counts, and the sufficiency of certain instructions in a prosecution for embezzlement, followed and affirmed.

2. ———: ———: STATUTE. Section 1320 of the Revised Statutes of 1879 does not confine its penalties for embezzlement to the time whilst any agent, clerk, etc., shall be in the actual employment for which his services were engaged ; but they are equally directed against one who, by virtue of his office, obtains the possession of goods, or has them under his care and control. This may happen after the clerk, etc., has been dismissed from his place.

3. **Constitutional Law**: SUMMONING JURY: STATUTE. The act of March 17, 1885 (Laws, 1885, pp. 74, 75), with reference to summoning juries in cities having over one hundred thousand inhabitants, is constitutional. Statutes providing for summoning juries are merely directory.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGGONER, Judge.

AFFIRMED.

*Joseph G. Lodge* for appellant.

(1) Where a person is charged with one crime, he cannot be proved guilty by evidence tending to prove

that he is guilty of another though a similar crime. Cases cited in brief in *State v. Pratt, ante,* p. 482. (2) The court erred in refusing defendant's seventh instruction. (3) The court erred in overruling the motion to quash the order for a special *venire* made at the request of the state.

*John M. Wood,* Attorney General, and *Thomas B. Harvey* for the State.

(1) The instructions given by the court correctly declare the law. *State v. Pratt, ante,* p. 482. (2) The seventh instruction asked by the defendant was properly refused. Time is not an essence of the crime of embezzlement. 1 Bish. Crim. Proc., secs. 386, 397, 399, 400. (3) The statutory method of summoning, drawing and impaneling juries is directory, and the action of the trial court in overruling defendant's motion to quash the order for a special *venire,* and the *venire,* does not constitute grounds for reversal. *State v. Matthews,* 88 Mo. 121; *State v. Gleason,* 88 Mo. 582; *State v. McKnight,* 61 Mo. 374; *State v. Pitts,* 68 Mo. 556

SHERWOOD, J.—The defendant in this case was indicted for embezzlement, the indictment containing nine counts. The court refused to compel the state to elect on which count it would proceed, and at the close of the testimony, a *nolle* was entered as to all the counts but the last, on which the defendant was found guilty and his punishment assessed at fours years in the penitentiary. The evidence to support the verdict of guilty was ample, and the transaction extended through a considerable period of time, and the precise dates at which any particular embezzlement occurred, as is usual in all such cases, could not with any degree of certainty be ascertained. The defendant has appealed here and assigned several errors as grounds for reversing the judgment of the lower court.

The State v. Jennings.

I. In regard to the instructions given on behalf of the state, the same line of remark is applicable to the first and third as in the case of *State v. Pratt, ante*, p. 482. In the statement prepared by counsel for defendant, the first and third instructions aforesaid are the only ones given, whereas there were seven given in all, which placed the matters at issue very fairly before the jury, and the second instruction was as follows:

"The jury are instructed that the mere conversion of money to the agent's use after receiving same, and a failure to pay it over, does not constitute the crime of embezzlement charged in the indictment, but there must be in the mind of the agent at the time of such conversion a felonious intent to appropriate it to the agent's use and to deprive the owner of it. And the jury must be satisfied by the evidence, beyond a reasonable doubt, of the existence of such felonious intent at the time of the conversion, or they must acquit the prisoner."

If there had been any necessity of expressing the meaning of the court as to the words, "*of the use thereof absolutely*," the omitted instruction would have furnished such explanation by showing they meant to deprive the owner of the money embezzled. Besides that instruction contained a clause respecting reasonable doubt, one always essential in criminal cases; and the instruction also declared the necessity for establishing a felonious intent, etc., and yet counsel for defendant complain just as if no instruction were given as to reasonable doubt or as to felonious intent. But for an examination of *the record* we would have been led to suspect that the trial court had omitted any instructions on the points mentioned. This course of statement and argument was not dealing fairly with the court. As to the other instructions given by the court of its own motion, or asked on behalf of defendant and refused, no more need be said than to refer to the opinion in *State v. Pratt, supra.*

II. There is, however, one exception to the foregoing remark, the seventh instruction asked by defendant differs materially from those asked in *Pratt's case;* it was the following :

"The court instructs the jury that under the last count in the indictment it is charged that the prisoner, Jennings, whilst the agent of the prosecuting witness, Howard, did on the twenty-seventh day of December, 1883, convert certain moneys of the prosecuting witness, Howard, to his, the prisoner's, use ; therefore if the jury find from the evidence that the prisoner, Jennings, was not the agent of said Howard on said day, but that his agency for said Howard had terminated and ceased on the twentieth day of December, 1883, the jury shall acquit the prisoner on said count of said indictment, although said Jennings may have converted the money charged in said count to his own use on said twenty seventh day of December, 1883."

Looking at section 1320, it will be observed that section does not confine its penalties *to the time whilst any clerk, etc., shall be in the actual employment* for which his services were engaged; but its denunciations are equally leveled against one who by virtue of his employment or office obtains the possession of goods or has them under his care or control. Now this may very well occur *after* a clerk, etc., has been dismissed from his place. If, "by virtue of his employment," *i. e., in consequence thereof,* he obtains possession of the money, etc., of his employer, as for instance, the cashier of a bank, or a collector, the section is certainly comprehensive enough to embrace his case; otherwise such a one would go unwhipped of justice, because he could not be held for *larceny* for obvious reasons, nor for embezzlement either, according to the theory advanced.

The section is *penal* it is true, but it is also *remedial* in that it was designed to catch a class of criminals who before its enactment frequently slipped through

the meshes of the law, and its force should not be frittered away by niceties and refinements at war with the practical administration of justice. We hold, therefore, that the seventh instruction was properly refused.

III. Only one more point remains for discussion ; it is this : It is claimed that the statute, Laws of 1885, pp. 74, 75, is unconstitutional. Similar juries as therein provided for, though not selected in a similar way, were not unknown to the common law. We find nothing objectionable on the score urged, and apart from unconstitutionality the jurors selected were unexceptionable, and statutes providing for the summoning of jurors are merely directory as this court has frequently decided in a number of criminal cases. *State v. Pitts*, 58 Mo. 556 ; *State v. Breen*, 59 Mo. 413 ; *State v. Jones*, 61 Mo. 232 ; *State v. Ward*, 74 Mo. 253 ; *State v. Knight*, 61 Mo. 373 ; *State v. Matthews*, 88 Mo. 121 ; *State v. Gleason*, 88 Mo. 582.

The foregoing views result in an affirmance of the judgment; and it is so ordered. All concur ; BARCLAY, J., in the result.