THE HOME LUMBER COMPANY, Appellant, v. J. D. HARTMAN, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1. **Evidence :** GOOD CHARACTER : ATTACHMENT : EMBEZZLEMENT. In a civil action, evidence of the good character of a party is not admissible ; and, after a review of the authorities, it is *held* erroneous to admit such evidence on the behalf of the defendant on the trial of a plea in abatement, where the affidavit for attachment charges the felonious embezzlement of the plaintiff's money by the defendant.

2.  **Embezzlement**: CONVERSION : INTENT.  The mere failure of an
agent to pay over money to his principal after he has received it
does not of itself constitute the crime of embezzlement, nor does
the mere conversion thereof, with the failure to pay it over, con-
stitute the crime ; but there must be, at the time of conversion, an
intent to appropriate it to his own use and to deprive the owner
thereof ; but an intention at the time of the conversion to restore
the money at some future time will not relieve the act of its
criminal nature.

3.  **Evidence**: INSTRUCTION AS TO THE OBJECT OF BOOKS : REMARKS OF
COUNSEL.  An instruction telling the jury that certain account
books were offered in evidence only for the purpose of laying a
foundation for the introduction of the testimony of expert account-
ants, and that they would not consider the same or any part thereof
on passing on the intent of the defendant, the same not having
been called to the attention of the defendant, the court or the
jury, until in the closing argument of the plaintiff's attorney, is
*held* proper in this case, especially in view of the remarks of
counsel in closing the case.

4.  **Attachment**: PETITION AND GROUND OF ATTACHMENT.  (*Deering
& Co. v. Collins*, 38 Mo. App. 80, and *Finley v. Bryson*, 84 Mo.
664, *followed.*)

*Appeal from the Vernon Circuit Court.*—HON.  JOHN
D. HARTMAN, Judge.

REVERSED AND REMANDED.

*Harding & Buller*, for appellant.

( 1 )  The evidence introduced by the defendant in
support of his character, which had not been attacked,
was inadmissible, and its admission was reversible error.
*Dudley v. McCluer*, 65 Mo. 241 ; *Rogers v. Troost*, 51
Mo. 241 ; *Porter v. Seiler*, 23 Penn. St. 424 ; *Humphrey
v. Humphrey*, 7 Conn. 116; *Gutzwiller v. Lackman*,
23 Mo. 168.  ( 2 )  The instruction given by the court
on the part of the defendant to the effect, that an intent
to defraud the plaintiff must have existed in the mind
of the defendant at the time when he appropriated the
plaintiff's money, was erroneous.  It states the matter
too broadly, and was calculated to mislead the jury.  If

the defendant actually appropriated the plaintiff's money to his own use, he was guilty of embezzlement, even though he may have intended at the time to return it. *People v. Dalton*, 15 Wend. 168 ; *State v. Dealy*, 48 Mo. 531 ; R. S., sec. 3549. ( 3 ) The court erred in refusing to permit plaintiff's counsel to comment on whatever was in the books. They were in evidence. The erasures were patent upon their face, and the fact that the defendant had not seen fit to notice or explain them was no reason why they should have been excluded. *Loyd v. Railroad*, 53 Mo. 503.

*Buler & Timmonds*, for respondent.

( 1 ) It was not error to permit the defendant to introduce evidence of his good character for honesty and fair dealing. *Miller v. Brown*, 3 Mo. 127 ; *O'Bryan v. O'Bryan*, 13 Mo. 16 ; *Gregory v. Chambers*, 78 Mo. 294 ; *Miller v. Miller*, 14 Mo. App. 418 ; *Bacon v. Towne*, 4 Cush. ( Mass. ) 240 ; 2 Greenl. Ev., sec. 458 ; 3 Am. & Eng. Ency. of Law, pp. 110, 112 ; 1 Greenl. Ev., sec. 54, note to sec. 66 ; *Rumsey v. Lovell*, Anth. ( N. P. ) 26 ; *Carpenter v. Blake*, 10 Hun ( N. Y.) 358. ( 2 ) The instruction given on behalf of the defendant was not misleading nor erroneous, when taken together with the two instructions given on behalf of the plaintiff. *State v. Reilly*, 4 Mo. App. 392 ; 98 Mo. 482 ; 98 Mo. 493. ( 3 ) The court below did right in stopping appellant's attorney in his closing argument, and thereupon instructing the jury in relation to his remarks. Thompson on Trials, pp. 734–798. ( 4 ) Without regard to the question of errors committed at the trial, the judgment ought to be affirmed, or the attachment dissolved, on the pleadings and evidence. R. S., sec. 521, subd. 12 ; *Finley v. Bryson*, 84 Mo. 664.

SMITH, P. J.—This was a suit commenced by attachment in the circuit court of Barton county, Missouri,

on the third day of April, 1888, to recover the sum of
$1,148, alleged to have been embezzled by the defendant
while acting as salesman and general manager of plain-
tiff's lumber yard at Lamar, Missouri, in 1887 and
1888. ·The affidavit for attachment charges · that the
damages for which the action is brought are for injuries
arising from the commission of a felony by the defend-
ant, in this: "That the defendant, while acting as
agent and salesman for the plaintiff, did unlawfully and
feloniously embezzle the said sum of $1,148. The
defendant filed a plea in abatement, putting in issue the
allegations of the affidavit, and on the application of
the plaintiff a change of venue was awarded to the cir-
cuit court of Vernon county, where at the May term,
1890, a trial was had before a jury on the plea in abate-
ment, and a verdict rendered in favor of the defendant.
Evidence was introduced on the part of the plaintiff
tending to sustain the charges made in the affidavit,
and on the part of the defendant tending to disprove
them, after which the defendant, against the objections
and exceptions of the plaintiff, was permitted to intro-
duce a number of witnesses who testified that his char-
acter and reputation for honesty and fair dealing at
Lamar was good.

At the close of the evidence, at the request 'of the
defendant, the court instructed the jury as follows :
"The plaintiff charges that the defendant has embezzled
and converted to his own use property and money
belonging to the plaintiff. Defendant denies the charge.
It devolves upon the plaintiff to sustain its accusation
by the evidence and to your satisfaction. Before you
can find a verdict for the plaintiff you must believe from
the evidence that at the time the defendant was in the
employ of the plaintiff he wrongfully appropriated and
converted to his own use the property or money of the
plaintiff, and that he did so with an intent at the time
of defrauding and depriving the plaintiff thereof. It is
not enough that the defendant may have been found to

be short in his accounts, as to lumber or money, nor is it enough that he may not have accounted to plaintiff for all the property and money coming into his hands as plaintiff's employe. Before you can find a verdict in favor of plaintiff, it is necessary that you shall believe from the evidence that such shortage ( if there was any ), or such failure to account ( if there was such failure ), was occasioned by reason of the defendant's wrongfully appropriating and converting the property or money of plaintiff to his own use with the intent of depriving and defrauding the plaintiff thereof, and, if you do not so believe from the evidence, your verdict should be for the defendant.'' To the giving of which instruction the plaintiff objected and excepted at the time.

After which plaintiff's counsel addressed the jury on behalf of plaintiff, and was followed by defendant's counsel on behalf of defendant; after which plaintiff's counsel made the closing argument to the jury, during which he took into his hands one of the account books kept by the defendant while in the employ of plaintiff, and which purported to contain an account of all the business done by him for plaintiff while in charge of its said lumber yard, and which book had been introduced in evidence during the trial and many items therein referred to, but defendant's attention had not been specially called to more than one of said erasures, and that was not the particular one the counsel was commenting on, his comments being directed to the fact that there was a great number of erasures as to cash balances, and proceeded to point out and show to the jury what appeared to be errors or alterations in some of the footings as to cash balances, and at the same time was arguing to the jury that they should infer therefrom that such erasures or alterations were made by the defendant and that they were fraudulently and corruptly made by him. Whereupon defendant's counsel interrupted said argument and objected thereto for the reason that it had been shown by the evidence that said

account book had been in the exclusive control of plaintiff ever since defendant quit its employ, in February, 1878, and for the further reason that said book had been introduced in evidence during the trial by the plaintiff only for the purpose of laying the foundation for the testimony of expert accountants and was followed by such testimony introduced by plaintiff as to the result of their computations and calculations, and for the further reason that at no time prior to said closing argument had such erasures or alterations been referred to or called to the attention of the defendant, his attorneys, the court or the jury, and no opportunity had been offered the defendant or his counsel to defend against, explain or answer the accusation being made in said closing arguments. These objections were sustained by the court, and plaintiff's counsel not permitted to proceed further with that line of argument, nor to show to the jury any further erasures or alterations. To which ruling of the court the plaintiff excepted at the time.

And the court thereupon also gave to the jury the following instruction : " The books offered in evidence were offered only for the purpose of laying the foundation for the introduction of testimony of the accountants of the result of their calculations, and not for the purpose of showing alleged alterations therein contained. You will, therefore, not consider the same or any part thereof in passing upon the intent of the defendant, the same not having been called to the attention of the defendant, the court or the jury, until in the closing argument by plaintiff's attorney." The plaintiff brings the case here by appeal.

The plaintiff's first ground of appeal is that the court erred in permitting the defendant to introduce evidence in support of his general reputation, in the vicinity where he resided, for honesty and fair dealing. Judge Scott in *Gutzwiller v. Lackman*, 23 Mo. 168, remarked, "That the rule is stated in the books, that,

as evidence is to be confined to the points in issue, the character of either party cannot be inquired into in a civil suit, unless it be put in issue by the nature of the proceeding itself. There are many exceptions to this rule." *O'Bryan v. O'Bryan*, 13 Mo. 15, was an action of divorce grounded on the charge of adultery. The defendant at the trial introduced evidence of her good character for chastity and general virtue. The question before the supreme court, where the cause was taken upon writ of error, was to whether the evidence of the defendant's good character had been properly admitted. Judge RYLAND who delivered the opinion of the court after referring to the general rule quoted in 23 Mo., *supra*, states that there are many exceptions to it, and then quotes from 1 Greenleaf on Evidence, section 54, as follows: "In civil cases such evidence is not admitted unless the nature of the action involves the general character of the party or goes directly to affect it. And generally in actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it. * * * And in all cases, where evidence is admitted touching the general character of the party, it ought manifestly to have reference to the nature of the charge against him." After a rather extended review of the authorities the learned judge further remarked, that " I am free to declare, therefore, upon a full consideration of the cases and authorities cited, the evidence of general good character in a proceeding by petition or bill in chancery, charging the defendant with the crime of adultery, should be admitted by the courts of this state. Such evidence comes fully and completely within the exception above cited from Greenleaf. By permitting the defendant to give proof of general good character for chastity the complainant cannot be injured. He has the privilege of rebutting by the same kind of evidence; but deprive the defendant of this privilege, and irreparable injury would follow." In *Rogers &*

*Gillis v. Troot's Adm'r*, 51 Mo. 470, the rule laid down in *Gutzwiller v. Lackman* was quoted with approbation. In *Dudley v. McCluer*, 65 Mo. 241, no reference is made either in the briefs of counsel, or in the opinion of the court, to either of the preceding cited cases. In the opinion, the language of the supreme court of Pennsylvania in *Porter v. Seeler*, 23 Pa. St. 424, is quoted, which is to the effect, that "putting character in issue is a technical expression which does not mean simply that the character may be affected, but that it is of particular importance in the suit itself, as the character of plaintiff in an action of slander, or that of a woman in a suit for seduction."

It is further observed in this opinion, in those excepted cases, character affects the amount of the recovery. The jury are by law permitted to consider it in assessing damages, and, in that sense, it is said that the nature of the action puts the character in issue. The case of *Humphrey v. Humphrey*, 7 Conn. 116, was where, in a suit for divorce on the ground of adultery, it was held that evidence of defendant's good character was inadmissible, although the evidence against her was circumstantial. The ruling in that case was quoted with approval by the learned judge who delivered the opinion in *Dudley v. McCluer*, just cited, and who seems to have entirely overlooked the previous well-reasoned opinion of Judge RYLAND to the contrary in *O'Bryan v. O'Bryan*. The paragraph from Prof. Greenleaf (section 54), which is approved as a correct statement of the rule of *O'Bryan v. O'Bryan*, is disapproved in *Dudley v. McCluer* upon the authority of *Porter v. Seiler*, *supra*. As *Dudley v. McCluer* was reversed upon the sole ground that the trial court erroneously received evidence of the good character of the defendant who was charged with having made false and fraudulent representations, we must conclude that the case of *O'Bryan v. O'Bryan* is overruled. The St. Louis Court of Appeals in *Engel v. Dressel*, 26 Mo. App.

39, followed the ruling in *Dudley v. McCluer*. In consequence of the ruling in the case last referred to, we are constrained to hold that the circuit court erred in admitting the evidence of the defendant's character. We may remark, however, were it not for the decision in *Dudley v. McCluer*, we should not hesitate to apply the rule in *O'Bryan v. O'Bryan* to the ruling of this case. We think that upon principle the action of the trial court was correct, but in view of the ruling of supreme court in *Dudley v. McCluer* it cannot be upheld.

II. The instruction given for the defendant was not erroneous. The mere failure of an agent to pay over money to his principal, after he has received it for, and on account of, his principal, does not of itself constitute the crime of embezzlement, nor does the mere conversion of it by the agent to his own use after its reception, and failure to pay it over to his principal, constitute the crime of embezzlement ; but there must be a felonious intent on the part of the agent at the time of the conversion to appropriate it to his own use, and deprive the owner of the ownership therein. The intent at the time of the conversion of the money to restore it at some future time, if found to exist, would be incapable of relieving the act of its criminal nature. *State v. Pratt*, 98 Mo. 482 ; *State v. Jennings*, 98 Mo. 493.

III. The instruction of the court given for the purpose of informing the jury for what purpose the books of the plaintiff had been introduced in evidence was not improper. It seems that those books were introduced in evidence for the sole purpose of laying the foundation for the introduction of the testimony of expert accountants in respect to the calculations and computations they had made therefrom. The alterations and erasures to which the counsel of plaintiff referred in his closing argument to the jury were not previously called to the attention of the defendant in any way so as to afford him an opportunity to explain the same if he

could. This, it seems to us, was unfair and such an abuse of the right of argument as justly called, on the defendant's objection, for the interference of the court. We can discover no error in the action of the court in respect to that matter.

IV. There was no evidence, as we understand from the abstract of the record, offered by plaintiff to sustain the first ground of the attachment which was based on the twelfth subdivision of section 521, Revised Statutes. If there had been, it would have been improper under the rulings in *Deering & Co. v. Collins*, 38 Mo. App. 80, and *Finley v. Bryson*, 84 Mo. 664.

The judgment will be reversed, and the cause remanded. All concur.