R. C. STONE MILLING COMPANY, Appellant, v.
McWILLIAMS et al., Respondents.

St. Louis Court of Appeals, December 22, 1906.

1. ATTACHMENT: Felony: Embezzlement: Prima Facie Case.
On the trial of a plea in abatement to an attachment, wherein
the affidavit alleged that the action was for injuries arising
from the commission of a felony, that is the embezzlement of
a lot of wheat purchased by the defendants as agents of the
plaintiff, the mere showing of a shortage in the wheat pur-
chased by the defendants as plaintiff's agent when the same
was sent to the plaintiff, did not make out a case of embezzle-
ment so as to authorize the attachment.

2. ————: ————: ————: Burden of Proof. In such case the bur-
den was on the plaintiff not only to show the shortage but also
to show that the shortage resulted from a willful and felonious
conversion of the wheat to their own use by the defendants.

3. PRACTICE: Instruction: Comment on Evidence. An instruc-
tion which merely states the essential facts the plaintiff is re-
required to show in order to authorize a verdict for him is not
open to the objection that it is a commentary upon the evi-
dence.

4. ————: Taking Evidence to Jury Room: Discretion of Trial
Court. Whether or not documents read in evidence should be
put in the hands of the jury when they retire to consider their
verdict, is in the discretion of the trial court; documents intro-
duced to prove a fact in issue which fact was clearly estab-
lished and not the main controverted fact, were not indispens-
able to enable the jury to arrive at a verdict and it was not er-
ror to refuse a request of a party to submit them to the jury.

Appeal from Newton Circuit Court. — *Hon. F. C.
Johnston*, Judge.

AFFIRMED.

*R. H. Davis* and *W. Cloud* for appellant.

*George Hubbert* and *O. L. Cravens* for respondents.

STATEMENT.—This action is to recover seven hundred and seven dollars and seventy-two cents, the value of ten hundred and fifteen bushels of wheat, alleged to have been embezzled and converted by defendants. An attachment in aid of the suit was issued on an affidavit alleging: "This action is brought for injuries arising from the commission of a felony by the defendants, in this, that defendants embezzled and converted to their own use the property of plaintiff, to the value of seven hundred and seven dollars and seventy-two cents." A plea in abatement to the attachment was filed and the issues raised thereby were tried to a jury, resulting in a verdict for defendants. Plaintiff recovered judgment on the merits of the action, and the appeal is from the verdict and judgment on the plea in abatement.

Defendants are partners and operate a small mill at Wentworth, Missouri. Plaintiff operated several mills in southwest Missouri, one at Republic. In November, 1900, the parties entered into an agreement whereby defendants were to buy wheat at Wentworth for plaintiff and ship as directed. Plaintiff, in advance of purchases, signed blank checks and delivered them to defendants with authority to fill them out and deliver them in payment for wheat as needed. Defendants were furnished blanks on which they made daily reports of the number of bushels of wheat bought for plaintiff, the price per bushel and the number and amount of checks used in payment of the same. On February 8, 1901, a settlement was had between the parties. After this date, five carloads of wheat were shipped by defendants to plaintiff's mill at Republic. These five cars were weighed by the Frisco Railroad Company at Monett, and on their arrival at Republic the wheat was taken out and weighed by plaintiff in its mill. There is no evidence tending to show that any of the cars were defective or that there was any loss of wheat in transit. But there was a shortage of ten hundred and fifteen bushels

and some pounds, as ascertained from defendants' reports and checks giving the number of bushels of wheat they had purchased for plaintiff and paid for with its checks, and from the weight cards. Defendants' evidence tends to show that they weighed all the wheat they bought for plaintiff in sacks on platform scales; that after weighing it they emptied it into a sink from which it was elevated into bins specially set apart to contain wheat bought for plaintiff, and that all the wheat contained in these bins was transferred to cars and shipped to plaintiff at Republic. There were no scales at Wentworth for weighing cars, and defendants billed out the cars on estimates of their contents. Their evidence is that not a pound of the wheat bought for plaintiff was used by them, and that there was no way by which it could have become mixed with wheat bought on their own account, nor was there any chance for it to have been taken from the bins by a stranger or by theft.

Plaintiff objected to the following instructions given for defendants:

"1. If you believe from the evidence that Mc-Williams Bros. loaded in cars for shipment to plaintiff, and such cars were carried to plaintiff by the railroad company, all of the wheat bought by defendants with the plaintiffs' checks, then you shall find a verdict in favor of defendants. In this connection you are further instructed that it does not devolve upon defendants to account for any shortage of the wheat, if there was any. It devolves upon the plaintiffs to prove by the greater weight or preponderance of the evidence that there was a shortage of wheat and that defendants embezzled or converted the same in the manner and as defined in these instructions.

"2. The court instructs the jury that in order to sustain the attachment herein, the law imposes on plain-

tiffs the burden of proving by the greater weight and preponderance of the evidence that the plaintiffs owned the wheat they charged to have been embezzled at the time of such embezzlement, and that defendants took and appropriated the same to their own use against the will and without the consent of plaintiffs and with the intention of depriving plaintiffs of their own property, and it would not be sufficient to authorize a finding in this case for plaintiffs for them to prove that defendants had bought wheat with the checks issued by defendants and lost the same."

BLAND, P. J. (after stating the facts).—1. It is contended that instruction numbered 1 required plaintiff to make a prima facie case, to prove by a preponderance of the evidence, first, the amount of wheat purchased by defendants on plaintiff's account; second, the amount shipped, and, third, a demand for the difference between the amount shipped and the amount received, and the refusal on the part of defendant to account for the shortage. The first proposition of the instruction is that if defendants shipped plaintiff all the wheat bought by them for plaintiff, the verdict should be for the defendants. This proposition is clearly right. The second proposition announced in the instruction is that defendants did not have to account for the shortage, if there was any, but the burden was on plaintiff to show by a preponderance of the evidence that there was a shortage of wheat and that defendants converted the same in the manner defined in the instructions, that is, "feloniously, willfully and unlawfully converted the shortage of wheat to their own use without the assent of the plaintiff." The charge was that defendants had been guilty of embezzlement. The instruction announced the proposition that they were not required to account for the shortage to clear themselves of the charge but, admitting there was a shortage, still the burden was

on plaintiff to show the shortage went into defendants' pockets with the guilty intent of converting it to their own use. We see nothing wrong in this. Defendants were not called upon to show their innocence of the charge. A mere shortage in the wheat did not prove them guilty of having embezzled it. To authorize a conviction, it was essential to show not only a shortage, but also that the shortage resulted from a willful and felonious conversion of the wheat by defendants to their own use, and the onus was on plaintiff to prove these essential facts to entitle it to a verdict. [The Home Lumber Co. v. Hartman, 45 Mo. App. 647.]

2. Instruction numbered 2 is criticised as being a comment on the evidence. The instruction is not a comment on the evidence, but is a correct enunciation of the essential facts plaintiff was required to show to authorize the jury to find a verdict sustaining the attachment. [The Home Lumber Co. v. Hartman, supra.]

3. After argument of counsel, and before the jury had retired to consider of their verdict, plaintiff requested the court to permit the jury to take to their room the daily reports, checks and weight cards read in evidence, which request was refused by the court, to which ruling plaintiff then and there excepted. Whether or no these documents should have been put in the hands of the jury rested in the sound discretion of the trial court. This discretion is not reviewable on appeal, unless it clearly appears it was abused. From these daily reports, checks and weight cards, the shortage of wheat was ascertained, and the evidence of the shortage was clear and convincing, hence the main controverted fact was whether or not the shortage was the result of a felony committed by defendants. In this State of the evidence it does not appear to us that the possession of the documents by the jury was indispensable to enable them to arrive at a verdict, and hence there is no just ground to criticise the action of

the court in declining to put the documents into the hands of the jury.

No reversible error appearing, the judgment is affirmed. All concur.