SOMMERYILLE, J.
On the trial of defendant for embezzlement, objections ' were sustained, on the ground of irrelevancy, to testimony going to show that he (the defendant) had made an offer of settlement with his principal, before the bill of indictment was found.
There was no error in the ruling of the trial judge. The offense of • embezzleipent, .like that of larceny, is of that nature, which the public takes notice of as injurious to itself. 1 Bishop’s Crim. Law, par. 232.
Mr. Bishop says in paragraph 233:
“Nothing can be more purely a tort to the individual alone than a simple larceny, where there is no breach of the peace, no public loss of property, since it only changes hands, no open immorality, corrupting the minds of the young, no person in any way affected but him who takes and him who loses the thing stolen. And, as in larceny, so in many other' crimes; a public offense is committed while only an individual suffers.” ,
We say in the case of State v. Frisch, 45 La. Ann. 1283, 1287, 14 South. 132, with reference to embezzlement, the crime concerned the public policy of the state, and no agreement, compromise, or ratification can make that which the statute has denounced as a crime an innocent act, relieving the offender from the punishment attached to it. And in the case of State v. Thompson, 32 La. Ann. 796, 799, where a settlement was- made after the indictment and arrest of the defendant:
“The receipt, given subsequent to the indictment and arrest, could not affect the guilt or innocence of the accused on the charge for which he was indicted; it was wholly irrelevant; and therefore there was no error in the ruling of the court.”
The felonious intent on the part of the defendant in appropriating the money of his employer, coupled with the actual taking of the money, constituted, under the statute, the crime of embezzlement. The offense had been consummated, and evidence of what defendant ultimately intended to do about it was immaterial on the trial of the cause. The actual use and conversion of the money at the time defendant took it are conclusive of the proposition that the defendant did not intend to return that same money to the owner. His subsequent intention and offer to settle form no parts of the act of embezzlement. Even if the jury had found that it was the intention of defendant, at the time of the conversion of the money, to restore it at some future time, the act would not be relieved of its criminal nature. 15 Cyc. 507; Shinn v. Commonwealth, 32 Grat. (Va.) 899; Commonwealth v. Tenny, 97 Mass. 50; *384 Commonwealth v. Tuckerman, 10 Gray (Mass.) 173; State v. Leicham, 41 Wis. 565; State v. Pratt, 98 Mo. 482, 11 S. W. 977; Home Lumber Co. v. Hartman, 45 Mo. App. 647.
Judgment affirmed.