DUDLEY, APPELLANT V. McCLUER.

**Evidence of Good Character** : PRACTICE. The fact that defendant is charged in the petition with fraudulent dealing, furnishes no ground for the introduction of evidence to prove his good character.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

*Bray & Cravens* for appellant, as to the admissibility of the evidence to establish the general good character of respondent for truth and veracity, cited among others, *Goldsmith v. Picard*, 27 Ala. 142; *Lander v. Seaver*, 32 Vt. 114.

*C. W. Thrasher & H. C. Young* for respondent on the same point cited among others, *Ruan v. Perry*, 3 Caines 120; *Townsend v. Graves*, 3 Paige 455.

HENRY, J.—This was a suit in the Greene Circuit Court commenced in October, 1873. Plaintiff in his petition states that in December, 1859, defendant McCluer, and George R. and Clark Barrett, executed their note to Hash & Dudley, a firm composed of John Hash and Pullam Dudley, for $1,050, payable April 1, 1860, with ten per cent· interest per annum from its maturity; that on a settlement of the partnership, the note in question, became the property of said Pullam Dudley; that on the 28th day of January, 1866, said McCluer falsely and fradulently represented to said Dudley that he had paid a number of debts specified in the petition, on which he had been garnisheed as the debtor of said Hash & Dudley, amounting to within $414 of the amount of the said note executed by him to Hash & Dudley, and induced said Dudley to accept, in satisfaction of said note $414, and to deliver up the note to defendant; that said Dudley assigned said demand to plaintiff, who asks that said settlement be set aside, and for judgment for the balance of said note and interest.

Defendant, in his answer, denies all of the allegations, except the execution of the note and the payment of the $414 in satisfaction of the same; states that he was garnisheed before said settlement, in several suits against said Dudley & Hash, including those named in the petition; that said Dudley and defendant went to the office of the justice of the peace in which said attachment proceedings were pending, and procured a list of said demands, when said Dudley offered to take $414 in full settlement and satisfaction of said note, which defendant accepted, and that he then paid Dudley that amount and took up the note. For a further defense he states that he signed said note one year after its maturity, without receiving any consideration therefor, and that Pullam Dudley knew it at the time of the settlement, and also relied on the statute of limitation as a bar to the action. The replication states a sufficient consideration for the execution of the note by defendant, and a state of facts which avoids the plea of the statute of limitations, and as there was abundant evidence to support the replication in those respects, and appellant does not urge those defenses here, no further notice will be taken of them. The cause was tried at the May term, 1875, by the court without the intervention of a jury, a jury not having been waived by plaintiff, and the finding was for defendant, and judgment accordingly, from which plaintiff has appealed to this court.

Plaintiff contends that it was a proceeding in equity, and that this court can and should review the evidence in the cause. We have but to say in regard to this point, that it was either a suit in equity, or the court committed an error in trying it without the intervention of a jury, but as it was treated by the court and the counsel, on both sides, as an equitable proceeding, and so tried without objection from either side, without examining the numerous authorities cited by the counsel, we shall regard it as a suit in equity, but, inasmuch as for an error which will be presently adverted to, the judgment will be reversed and

the cause remanded, we shall express no opinion as to the correctness of the finding of the court on the evidence. The court did not err in admitting, as evidence, transcripts of the records in the attachment suits, but did err in permitting defendant, before any attempt was made to impeach it, to introduce witnesses to testify to his good character. His character was not in issue. It is true he was charged in the petition with having made false and fraudulent representations, and the charge was calculated to affect his character indirectly, and so in every case where one is sued for a debt, and he denies it, or pleads payment, his character is somewhat involved in the investigation; but "putting character in issue is a technical expression, which does not mean simply that the character may be affected, but that it is of particular importance in the suit itself, as the character of plaintiff in an action of slander, or that of a woman in a suit for seduction." *Porter v. Seiler*, 23 Penn. St. 424. In those excepted cases, character affects the amount of the recovery. The jury are, by law, permitted to consider it in assessing damages, and it is in that sense that it is said that "the nature of the action puts the character in issue." *Fowler v. Ætna Ins. Co.*, 6 Cowen 674; *Humphrey v. Humphrey*, 7 Conn. 116; *Gough v. St. John*, 16 Wendell 646. In the case of *Humphrey v. Humphrey*, *supra*, the defendant in a suit for a divorce was charged with adultery, and the court held that evidence of her good character was inadmissible, although the evidence against her was circumstantial only. In *Gough v. St. John*, the suit was for a false and fraudulent representatation of the solvency of a third person, and it was held that evidence of defendant's good character should not be received. Prof. Greenleaf, in his work on evidence, Vol. 1, Sec. 54, remarks, that "generally in actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it," but Knox, J., in *Porter v. Seiler*, 23 Penn., says: "he is not sus-

tained by any authority I can find save *Ruan v. Perry*, 3 Caines 120, and this is expressly overruled in 16 Wendell." We may add that the case of *Fowler v. The Ætna Ins. Co.*, 6 Cowen, seems to sustain Greenleaf, but is an authority against the admissibility of the evidence of character when the evidence of fraud is direct and not circumstantial. See also *Rogers v. Lamb*, 3 Blackford 155 ; *Givens v. Bradley*, 3 Bibb 195 ; *The Attorney General v. Bowman*, 2 Bos. & Pul. 532, note A.; *Anderson v. Long*, 10 Serg. & R. 55. With the concurrence of the other judges, except SHERWOOD, C. J., not sitting, having been of counsel, and NORTON, J., not sitting, the judgment is reversed and the cause remanded.

REVERSED.