## VAWTER v. HULTZ, *Appellant.*

### Division One, December 12, 1892.

1. **Practice:** DEPOSITIONS, SUPPRESSING OF. A motion to suppress depositions on the ground that the certificate of the notary did not show that they were taken at the place required in the notice, or that they were taken by an officer authorized to take them, *held* rightly overruled.

2. ————: CHANGE OF VENUE: ARGUMENT OF COUNSEL. A statement to the jury by plaintiffs' counsel, in an action for the wrongful killing of her husband, "that this case was instituted in Boone county, and by defendant brought here by change of venue," being true in fact, could not be prejudicial to defendant, as no reason for the change of venue was given.

112 633
119 162
119 341
112 633
68a 304
70a 309
112 633
142 558
112 633
79a 168
112 633
160 549

3. ———: WRONGFUL KILLING OF HUSBAND: EVIDENCE. It was not error in such action to exclude evidence offered by defendant to prove his general reputation as an honest, peaceable and law-abiding citizen.

4. ———: ———: PROOF OF CHARACTER. The character of neither party to a civil suit is admissible in evidence until it has been assailed, or unless it is in issue from the nature of the suit itself.

5. ———: ———: PROOF OF INTENT. It is not error in an action for the wrongful killing of plaintiff's husband to exclude evidence by defendant stating the purpose with which he fired the fatal shot.

6. ———: ———: STATUTE: DAMAGES. The recovery of damages under Revised Statutes, 1889, section 4426, which gives an action for "the death of a person caused by the wrongful act of another," is not restricted to cases where the jury should find that defendant was guilty of murder in the first degree.

*Appeal from Randolph Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Boulware & Turner* for appellant.

(1)   Where intent is an essential element to constitute the act of defendant unlawful and wrongful, it is competent for defendant, as a witness, to state his intent and motive in doing the act.   *Nichols v. Winfrey,* 79 Mo. 544; *Thurston v. Cornell,* 38 N. Y. 281; *State v. Banks,* 73 Mo. 592, and authorities cited; *Kerrains v. People,* 60 N. Y. 221, and authorities cited; *Courtland Co. v. Herkimer Co.,* 44 N. Y. 22; *Moore v.'Davis,* 49 N. H. 45; *Vansickle v. Brown,* 68 Mo. 627; *Fisk v. Chester,* 8 Gray, 506; *Thacher v. Phinney,* 7 Allen, 146; *Snow v. Paine,* 114 Mass. 520. The suit of *Nichols v. Winfrey,* 79 Mo. 544, was, in all respects, similar to this; an action by the widow of the deceased against defendant, for the wrongful killing of her husband. The supreme court in that case held that defendant had the right to state as a witness his motive and intent in killing deceased.   That the question, with

Vawter v. Hultz.

what motive and intent he did the act, which resulted in the death of the deceased, was a proper and a legal inquiry. All the authorities hold that such question is legal and proper. 64 Mo. 560; 73 Mo. 592; 68 Mo. 634; 5 Bing. (N. C.) 722; 30 N. Y. 625; 60 N. Y. 288; Field on Damages, sec. 25. (2) The defendant had the right in his defense to prove that his general reputation as a peaceable, quiet, orderly and law-abiding citizen was good. (3) It was error to permit plaintiff's attorney to state to the jury that the defendant brought the case from Boone county by change of venue. (4) The court erred in giving instructions for plaintiff.

*Odon Guitar* for respondent.

(1) It was not error to refuse to permit defendant, after having testified to every fact and circumstance connected with the killing, to give his opinion as to his own guilt or innocence. See *State v. Gonce*, 88 Mo. 627; *United States v. Anthony*, 2 Gerrin's Crim. Law Rep. 208, note; *State v. Hultz*, 106 Mo. 41. (2) There was no error in excluding the evidence as to defendant's character. 1 Wharton's Evidence, sec. 47; *Soule v. Bruce*, 67 Me. 584. (3) Nor did the court err in overruling the motion to suppress depositions. *Wallack v. Paterson*, 54 Mo. 408; *Moss v. Booth*, 34 Mo. 316; *Borders v. Barber*, 81 Mo. 636. (4) Nor was there any error committed on part of plaintiff's counsel in their reference to the change of venue in making open statement to the jury. It was not assigned for error in the motion for a new trial.

BRACE, J.—This is an appeal by the defendant from a judgment of the circuit court of Randolph county in favor of the plaintiff for the sum of $5,000

damages assessed by a jury against the defendant in an action brought by the plaintiff in the circuit court of Boone county against him for wrongfully killing her husband, Allen Vawter, and by the defendant taken thence to Randolph county by change of venue. The homicide was committed on the seventh of May, 1888. The defendant was criminally prosecuted therefor, and found guilty of murder in the second degree in the Boone circuit court, and on appeal to this court the judgment of the circuit court was affirmed at the April term, 1891. *State v. Hultz*, 106 Mo. 41. The errors assigned and relied on for reversal will be noticed in their chronological order.

I.   Before the trial defendant moved the court to suppress the depositions of certain witnesses taken in behalf of the plaintiff, on the ground that he was not present at the taking, and that it does not appear from the certificate of the officer that the depositions were taken at the place designated in the notice, or that they were taken by an officer authorized to take them. The notice was that the depositions would be taken at "the law office of C. H. Gordon and E. M. Bass in the town of Columbia in the county of Boone and state of Missouri on the twenty-fifth day of February, 1890, between the hours of eight o'clock in the forenoon and six o'clock in the afternoon of that day," etc. The depositions purporting to have been taken in pursuance of this notice were authenticated as follows:

"Depositions of witnesses produced, sworn and examined on the twenty-fifth day of February, 1890, between the hours of eight o'clock in the forenoon and six o'clock in the afternoon of that day at the office of C. H. Gordon and E. M. Bass in the county of Boone and state of Missouri, before me, W. H. Truitt, a notary public, in a certain cause now pending in the circuit court of Randolph county in the state of Missouri,

between Mrs. Bettie Vawter, plaintiff, and Marshall
Hultz, defendant.    On the part of plaintiff.''    Following
this caption were the depositions of the witnesses in
the order taken; at the foot of each the witness signed
his name, and to each the officer beneath the signature
of the witness appended the following jurat:    "Sub-
scribed and sworn to before me [naming the day] at
the place and between the hours aforesaid.    W. H.
Truitt, N. P.;'' and attached his notarial seal.    At the
foot of all the depositions the notary appended ,his
certificate as follows:

"I, W. H. Truitt, a notary public within and
for the county of Boone in the state of Missouri, do
certify, that in pursuance of the annexed notice
came before me at the office of Bass & Gordon,
in the county and state aforesaid [naming all the
witnesses], who were by me severally sworn to testify
the whole truth of their knowledge touching the matter
in controversy aforesaid, and that they were examined
and their examination reduced to writing and sub-
scribed by them respectively in my presence on the
day, between the hours and at the place in that behalf
aforesaid, and that their depositions are now herewith
returned, and I further certify [naming all the wit-
nesses again] are residents of said county of Boone in
the state of Missouri.    Given at the office of Bass &
Gordon, in the county of Boone, in the state of
Missouri, this fourth day of March A. D. 1890.

{ NOTARIAL     }                  W. H. TRUITT,
{    SEAL.      }                            Notary Public.

"My commission as notary public will expire
January 30, 1892.''

Depositions of witnesses to be read in evidence in
a civil suit pending in any court in this state may
be taken by a notary public.    Revised Statutes,

1889, sec. 4437. This certificate contains the facts required to be certified to by such officer (Revised Statutes, 1889, sec. 4455), and is certified to by such an officer "in his official character, and is accompanied by his seal of office," as required by section 4455, Revised Statutes, 1889. Consequently, the depositions were taken by an officer duly authorized, and are properly authenticated. He certifies, in effect, that they were taken in pursuance of the notice which was annexed thereto "at the office of Bass & Gordon, in the county and state aforesaid." "The whole paper, the caption and certificates, should be read in connection, and if from the whole the official character of the certifying officer, as also the venue, can be ascertained to a reasonable certainty, this will suffice." *Borders v. Barber*, 81 Mo. 636; Weeks on Law of Depositions, sec. 351. This author also says that, "if the return states that the deposition was taken pursuant to the commission, it is not essential that it should also state the manner of pursuing the commission." Sec. 351, *supra*. The office of Bass & Gordon mentioned in the certificate is shown by the caption to be the office of C. H. Gordon and E. M. Bass, in the county of Boone, in the state of Missouri. Now if the depositions were taken at their office in pursuance of the notice, it must be inferred that it was at the law office of these gentlemen in said county and state. And in the absence of any evidence that they had an office elsewhere, it is reasonably certain that their law office was at the county seat of said county, which is the town of Columbia, the county seat, where ordinarily lawyers locate their offices, as stated in the notice. The motion to suppress was overruled by the judge who has for years held the te_ms of the circuit court of Boone county at Columbia, and who must have known whether the law office of Bass & Gordon was in the town of Columbia or not,

and whether they had an office elsewhere in said county or not, and in the absence of any proof or suggestion, even that in fact they were not taken at such office in the town of Columbia, we cannot say error was committed in not suppressing the depositions.

II. The attorney for the plaintiff in stating the case (to be tried) to the jury said "that this case was instituted in Boone county, and by defendant brought here by change of venue." The fact stated was true, not in itself prejudicial to the defendant, as the ground for the change was not stated. It was a fact in the history of the case showing how it came to be before the jury for trial, and is no ground for reversal. Besides, this point was not made in the motion for new trial.

III. On the trial, in his defense, the defendant offered to prove his general reputation in the community in which he lived as that of an honest, peaceable and law-abiding citizen, which the court refused to permit. This was not error. In civil actions the character of neither party, until assailed, can be inquired into "unless it is put in issue by the nature of the proceeding itself." *Gutzwiller v. Lackman*, 23 Mo. 168; *Rogers v. Troost's Adm'r*, 51 Mo. 470; *Dudley v. McCluer*, 65 Mo. 241. It is so put in issue only in that class of cases such as libel, slander, malicious prosecution, etc., in which its value is to be considered in assessing the damages. *Dudley v. McCluer, supra;* Wharton's Law of Evidence, sec. 47, and notes; 3 American & English Encyclopedia of Law, sec. 3, p. 112, and notes.

IV. The defendant was examined as a witness in his own behalf, and after having been permitted to testify to every fact and circumstance connected with the homicide, and "that tended to throw light upon the movements and motives of the parties," that he desired

to, was asked by his counsel, "With what purpose did you draw the pistol and fire the fatal shot?" The plaintiff objected to the question. The court overruled the objection, but limited the answer to the amount of injury he intended to inflict. The answer was, "To protect my life and person." On motion of the plaintiff the answer was stricken out, and the defendant, excepted. The same question, slightly modified in form, was repeated three more times and the same answer was returned, and the answers stricken out as before. In this action the court committed no error. The answer of the witness was a mere declaration by him on the witness stand that he shot the deceased in self-defense—the very question the jury were called upon to determine in the light of all the facts and circumstances in the case, and upon which this answer threw no light whatever. *State v. Hultz*, 106 Mo. 41.

V. The criticisms on the instructions in this case seem to be inspired by the idea that the plaintiff could not recover unless the jury should find that the defendant, in killing her husband, had been guilty of the crime of murder in the first degree. This is a misconception of the nature of the action given by the statute, which is for "the death of a person caused by a wrongful act of another." Revised Statutes, 1889, sec. 4426. Reading all the instructions given, in the light of this statutory definition of plaintiff's cause of action, and reading them together, we find them harmonious, and fully and fairly presenting the case of the plaintiff, and the defense of the defendant to the jury in clear, concise and unobjectionable terms, based upon the evidence, who responded with the only reasonable verdict consistent with and warranted by that evidence. The case was well tried, and the judgment of the circuit court is affirmed. All concur.