WALLEY & ROLLINS, Respondents, v. N. T. GENTRY, Administrator, etc., Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Administration**: ALLOWANCE: EXHIBITION AND CLASSIFICATION OF DEMANDS. A demand for funeral expenses against an estate which was exhibited within the first year of the administration but not presented to the court for allowance until after that time but within two years, when allowed, should be assigned to the first class of demands.

2. **Deposition**: CERTIFICATE OF A NOTARY. The certificate of a notary that he took the depositions at the time and place specified in the annexed notice is sufficient without his stating specifically the manner of pursuing the notice.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*N. T. Gentry* and *Wm. R. Gentry* for appellant.

The depositions of John E. Field and J. J. Walley, offered and read in evidence by plaintiffs, should have been suppressed. The alleged notary who took the depositions certified that he took them in the city of Denver, Arapahoe county, and state of Colorado. It is absolutely necessary for the depositions to be taken at the exact time and at the exact place where the opposite party is notified they will be taken. *Kean v. Newell*, 1 Mo. 754; *Fox v. Carlisle*, 3 Mo. 197. The only way the court can know the time and the place where they were taken is by the certificate of the officer who takes them. R. S. 1889, sec. 4455. In the case of *Vawter v. Hultz*, 112 Mo. 633, the supreme court relaxes to some extent the strict rule requiring the notary to certify where the depositions were taken. But in that case the plaintiff, the defendant, the notary, all the attorneys and all the witnesses resided in Boone county. It is just as important that the place should be the same, as it is that the time should be the same; and the variation of an hour is fatal. *Benton v. Craig*, 2 Mo. 198; *Borders v. Barber*, 81 Mo. 636; *Kean v. Newell, supra;* 1 Greenl. on Evidence [14 Ed.], secs. 321, 324. (2) This account was improperly classified; if allowed at all, it should have been assigned to the sixth class of demands. Something more than notifying the administrator is required, viz., the claim must be presented to the probate court. R. S. 1889, sec. 183; *Burckhartt v. Helfrich*, 77 Mo. 376; *Bank v. Tutt*, 44 Mo. 366; *Pheiffer v. Suss*, 73 Mo. 245; *Spaulding v. Suss*, 4 Mo. App. 541. Two things are now required; the demand must be exhibited to the administrator, and must also be presented to the probate court within the first year, as is explicitly emphasized by statute.

*Price v. McCause,* 30 Mo. App. 627; *Wernse v. McPike,* 100 Mo. 476; Woerner's Am. Law of Adm'r, secs. 374, 397, and 400.

*Wellington Gordon* for respondent.

(1) The lower court did not err in overruling the motion of defendant to suppress the depositions. The case of *Vawter v. Hultz* sustains this view on principle, and the facts are almost similar. *Vawter v. Hultz,* 112 Mo. 633; *Borders v. Barber,* 81 Mo. 636; Weeks on Law of Depositions, sec. 351. (2) There is but one question in this case, and that is as to the classification of this claim. It is admitted, upon all hands, that the claim was for funeral expenses of John Ellis, deceased. The statute of 1889, section 183, *per se,* fixes the classification and places it in the first class of claims. This claim, if it can be allowed at all against this estate, must be assigned to the first class. *Spaulding v. Suss,* 4 Mo. App. 541, 549; *Williams v. Penn,* 12 Mo. App. 393, 395; *Wernse v. McPike,* 100 Mo. 476; *Pfeiffer v. Suss,* 73 Mo. 254; *Bank v. Seeman,* 79 Mo. 527; *Price v. McCause,* 30 Mo. App. 627; *Burckhartt v. Helfrich,* 77 Mo. 382; *Stephens v. Bernays,* 119 Mo. 146.

SMITH, P. J.—Section 187, Revised Statutes, provides that any person may exhibit his demand against an estate by serving notice on the administrator or executor, in writing, stating the amount of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered *legally exhibited from* the time of the service of such notice, or a waiver thereof in writing. And the succeeding section (188) provides that no claimant shall avail himself of the benefit of the preceding sec-

tion unless he present his demand to the court for allowance within two years after the grant of the first letters of administration in the estate, or the publication of notice of such grant. It is thus seen that the *exhibition* of a demand is one thing and the *allowance* of it by the court is another.

It is provided in section 183, Revised Statutes, that all demands against an estate shall be divided into six classes. This section further provides that all demands without regard to quality, which shall be legally exhibited against an estate, within one year after the granting of the first letters on the estate, shall be assigned to the fifth class. And that all demands *thus exhibited and presented to the court for allowance, after* the end of one year and within two years after letters granted, shall be assigned to the sixth class. Unless demands of the first, second, third, and fourth classes be exhibited within the first year after the grant of letters, they lose their priority and fall within the sixth class.

All demands without regard to quality, except the first, second, third, and fourth classes, which are specially mentioned in said section 183, that are exhibited within one year after the grant of the letters, are required to be assigned to the fifth class. A demand properly assignable to any one of said first five classes, if exhibited within one year after the grant of letters, would, if not exhibited and allowed until after the end of one year and within two years after the grant of letters, go to the sixth class. None of the demands mentioned in the first, second, third, and fourth classes, can, in any case, be assigned to the fifth class, for if they are exhibited within the first year, they must be classed as the statute requires, or if not exhibited in the first year, they descend in the order of classification to the sixth class. A demand therefore of the first four

classes must be assigned to the class therein to which the statute primarily assigns it, unless it has not been exhibited within a year after the grant of letters, in which case it goes to the sixth class; providing, of course, it has been exhibited and presented after the end of one year and within two years after the grant of letters.

The demand in the present case was founded on an account for funeral expenses and was exhibited

ADMINISTRA-
TION: allow-
ance: exhibition
and classification
of demands.

within the first year, but not presented to the court for allowance until after the end of one year and within two years after the grant of letters.    The circuit court to which the cause was removed by appeal from the probate court allowed the demand and placed it in the first class of demands against estate of the deceased, and it is of this action of the court that the defendant administrator principally complains.    It is clear, in the light of the statute, as it has been interpreted by us, that the plaintiff's demand was properly classified by the circuit court.    It was exhibited within one year after the grant of letters, though not presented to the probate court until after the end of one year and within two years after the grant of letters, and was therefore correctly assigned, under the statute, to the first class.

Section 189 of the statute requires executors and administrators to keep a list of demands exhibited, classifying them, and to make a return thereof at each settlement.    They are not required to make a settlement until the end of the first year after the grant of letters, at which time they can determine from the list of demands exhibited to them and classified, what demands belonging to any of the first five classes, whether up to that time presented for allowance or not, there are in existence against the estate.    They know that all

the claims that have not then been exhibited will, under the statute, have to be assigned to the sixth class. With this knowledge and information in their possession, there can not be the slightest difficulty in making payment of demands, according to the requirements of section 209 of the statute, or in otherwise intelligently proceeding with the administration of the estate. An administrator or executor can not, without fault on his part, find himself in the situation of having paid money out of the funds in his hands on the fifth or sixth classes, which ought to be paid on demands of either of the other classes. The statute in relation to the administration of the estates of deceased persons is so plain and simple in its provisions that it can be understood by any business man of average intelligence. None of the difficulties or hardships suggested by the defendant, therefore, ought to result from the assignment by the court of the plaintiff's demand to the first class.

II.   The defendant objects further that the trial court erred in overruling his motion to suppress certain depositions taken by the plaintiff. The depositions were taken without this state, on notice, *dedimus* being waived. The notice specified that such depositions were "to be taken at the law office of Henry B. Babb, in the Earnest & Cramer building, number 511, in the city of Denver, in the county of Arapahoe and state of Colorado." The notary before whom the depositions were taken certified "that in pursuance of the annexed notice" the witnesses named came before him and were severally sworn to testify the whole truth, etc., touching the matter in controversy and that they were examined and their examination reduced to writing and subscribed by them respectively in his presence, on the day, between the hours, and at the place in that behalf first aforesaid, etc.

Looking at the notice, caption, and certificate of the notary to the depositions, and we must conclude that sufficient appears there to justify the conclusion that the depositions were taken in conformity to the notice. We do not think that it was essential for the notary to state in his certificate the manner of pursuing the notice. If he took the depositions, as he certified he did, pursuant to the annexed notice, we think this was equivalent to certifying that he took the same at the time and place specified in the notice. Weeks on Law of Depositions, sec. 351; *Vawter v. Hultz*, 112 Mo. 636.

*Deposition: certificate of notary.*

The grounds of the appeal we do not think well taken, and therefore we affirm the judgment. All concur.