ALKIRE GROCER COMPANY, Plaintiff in Error, v. F. M.
TAGART, Defendant in Error.

**Kansas City Court of Appeals, January 16, 1899.**

1. **Evidence:** REPUTATION OF PARTY TO SUIT. A defendant in a suit
on an account as a party has no right to introduce testimony as to
his good character for truth and veracity, and such evidence is only
admissible where character is of particular importance, as in a suit
for slander.

2. ———: PARTY AS WITNESS. Though a defendant as a party may
not show his good reputation he may do so when it relates to him
as a witness.

3. ———: IMPEACHMENT OF WITNESS. A witness may be impeached
by cross-examination showing contradictory statements or immoral
conduct and the like as well as by direct method.

4. ———: PARTY: WITNESS: GOOD CHARACTER. Before a party to a
suit can introduce evidence of his good character his character must
be attacked as a witness; and if such an attack arises as an incident
out of the issues of the case, it affords no ground for corroboration
of the party by testimony of his good character for truth and
veracity.

*Error to the Cole Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

REVERSED AND REMANDED.

SILVER & BROWN for plaintiff in error.

(1) The question presented on this appeal is no
longer an open question in this state. The evidence admit-
ted to show defendant's general character for truth and hon-
esty should have been excluded. Vawter v. Hultz, 112 Mo.
633; Dudley v. McCluer, 65 Mo. 241; Lumber Co. v. Hart-
man, 45 Mo. App. 647; Engel v. Dressel, 26 Mo. App. 43.

(2)   Character is put in issue only in that class of cases such as libel, slander, malicious prosecution, etc., in which its value is to be considered in assessing damages.   Vawter v. Hultz, 112 Mo. 639.

W. S. Pope and Edwards & Edwards and Pope & Belch for defendant in error.

(1)   The evidence was clearly admissible.   Berryman v. Cox, 73 Mo. App. 67; Walker v. Ins. Co., 62 Mo. App. 220; Paine v. Tilden, 20 Vt. 554.   (2)   The cases cited by the plaintiff, as well as Fulkerson v. Murdock, 53 Mo. App. 151; Gutzwiller v. Lackman, 23 Mo. 168; Rogers v. Troost's Adm'r, 51 Mo. 470, do not present the same state of facts, nor the same issues as presented here.   An examination of these cases will, however, make it apparent as to what the true rule is in this case.   We urge that the difference between Tagart, the witness, and Tagart, the defendant, be kept in mind by the court.

ELLISON, J.—This is an action on several accounts. Judgment in the trial court was for defendant.

The case presents but a single point for decision and that is whether it was proper to permit the defendant who was a witness in his own behalf to introduce evidence of his good character for truth and honesty.   The question arose in this way:   Defendant did not deny the accounts but claimed that they were paid and produced them with what purported to be receipts in full indorsed on the back thereof.   Plaintiff then introduced evidence tending to show that the receipts were forgeries committed by defendant.   Defendant was then permitted, over plaintiff's protest and exception, to introduce evidence to show that his general reputation for truth and honesty was good.

It will be noticed that the person here corroborated by proof of good character is both a party and witness.   As a

Alkire Grocer Co. v. Tagart.

party he had no right to introduce the evidence. Vawter v. Hultz, 112 Mo. 633; Dudley v. McCluer, 65 Mo. 241. We also so held in Lumber Co. v. Hartman, 45 Mo. App. 647, after a full review of the authorities. It will not avail defendant, as a party, to say his character was made an issue by plaintiff's charge of forgery. The law as stated in those cases is that the expression, "putting character in issue is a technical expression, which does not mean simply that the character may be affected, but that it is of particular importance in the suit itself, as the character of a plaintiff in a suit for slander, or that of a woman in a suit for seduction." The expression finds application when the nature of the action puts the character in issue. In the case before us the nature of the action has no relation to, or, bearing on character. It is a mere suit on an account and the fact that there arises matter in evidence which affects defendant's character does not alter the rule stated.

EVIDENCE: reputation of party to suit.

2. But defendant occupied the capacity of witness in the cause and therefore the question must be considered from that standpoint. It is a rule so well understood it need only be stated, that if a party calls witnesses to impeach the character of a witness for his opponent for truth and veracity, the latter may in turn call witnesses to sustain his character in that respect. This rule necessarily applies though the witness attacked is one of the parties to the cause. And a direct attack on a witness for truth and veracity is not the only means resorted to to impeach him. It is frequently done in cross-examination by showing that he has given different accounts or made contradictory statements. In such case the party calling him may prove his good character for truth and veracity. Walker v. Ins. Co., 62 Mo. App. 209; Berryman v. Cox, 73 Mo. App. 67; Miller v. Railway,

——: party as witness.

5 Mo. App. 571. So we hold the same rule would apply to a party in his character as a witness in the cause.

The further important consideration is whether the rules we have stated can be made to apply to the attack made by plaintiff on defendant. The impeachment of character must be such as affects his standing as a witness, and the attack must be against him as a witness. The imputation cast upon defendant was that he was ——: impeachment of witness. a forger. Defendant's general character as a forger would have been admissible to impeach him as a witness, since, in this state, the general moral reputation of a witness may be introduced to impeach him. State v. Grant, 79 Mo. 133; State v. Shields, 13 Mo. 236; State v. Breeden, 58 Mo. 507. Whether this would extend to a man's moral reputation for chastity seems to have evenly divided the supreme court in State v. Sibley, 131 Mo. 531; and it had been ruled both ways prior to that. State v. Grant, *supra;* State v. Rider, 95 Mo. 486; State v. Shroyer, 104 Mo. 441.

But, in this case, the imputation of forgery was not cast upon defendant in his capacity as a witness. It was not so pretended. It was a mere *incident arising on the issues involved.* Besides, being a single act, it was not competent as impeaching evidence. While it may have an effect with the jury in weighing the party's testimony, yet that can not be allowed to break the rules of evidence. In cases where the tendency of such evidence would be to create with the jury an impression of guilt, the court should instruct that the evidence was admitted, not for the purpose of showing guilt, but as affecting the defendant's credibility only. State v. Broderick, 61 Vt. 425.

We therefore hold, for the reasons aforesaid: First, that defendant as a party had no right to introduce testimony as to his character for truth and veracity. Second, that though as a party he could not show his good reputation

State ex rel. v. Gibson.

in a case of this character, he may do so as it relates to him as a witness. Third, that a witness may be attacked by way of impeachment by cross-examination such as showing he had made contradictory statements; had been guilty of immoral conduct and the like, as well as by a direct method. Fourth, that the attack must be upon him as a witness, and that if it arise out of the issues in the case by way of prosecution or defense of the cause, such as in this case, that a receipt was forged by defendant, it affords no ground for corroboration of defendant by testimony of his good character for truth. The result is that the court erred in admitting the testimony and the judgment will be reversed and cause remanded. All concur.