## H. COX et al., Appellants, v. MERRITT POLK, Respondent.

Springfield Court of Appeals, December 6, 1909.

1. **REAL ESTATE BROKER: Evidence: Admissibility of Circumstances.** In a suit for commission for procuring a purchaser of two lots, the appellants claimed they had a contract with respondent by the terms of which they were to receive, as commission, all sums in excess of a thousand dollars that they realized on the property. Respondent claimed that this applied to one lot only and offered testimony to show that the market value of the two lots was greatly in excess of one thousand dollars. *Held*, that such evidence was proper and material as a circumstance tending to show the improbability of respondent having made the agreement claimed by appellants.

2. **APPELLATE PRACTICE: Prejudicial Error: Evidence of Witness's Reputation Admitted Out of Regular Order.** Respondent, before resting his case in chief and before his reputation for truth was put in issue, introduced two witnesses who testified over appellants' objections that respondent's reputation for truth and veracity was good. *Held*, that appellants' objections to the testimony should have been sustained; but, as appellants subsequently introduced a witness whose testimony tended to show that respondent had made contradictory statements, then respondent's reputation for truth was in issue and the evidence that respondent first introduced was admissible; that its admission out of regular order cannot be regarded as prejudicial, and it is not a reversible error under section 865, Revised Statutes 1899.

**3. PRACTICE: Order of Introduction of Evidence in Discretion of Trial Court.** The order in which proof is allowed to be introduced is to a great degree within the discretion of the trial court and where, upon the whole record, it appears that no material wrong is done the judgment will not be disturbed.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

AFFIRMED.

*E. L. Shepherd* for appellant.

(1) Evidence in support of a witness' character for truth and veracity offered before any impeaching testimony is introduced, is premature and should be excluded. State v. Cooper, 71 Mo. 436; State v. Thomas, 78 Mo. 327; Alkin Grocer Co. v. Tagart, 78 Mo. App. 166; Gutzwiller v. Lackman, 23 Mo. 168; Vawter v. Hullz, 112 Mo. 633; Fulkerson v. Murdock, 53 Mo. App. 151; People v. Bush, 65 Cal. 129; Fitzgerald v. Goff, 99 Ind. 28; People v. Gay, 7 N. Y. (3 Seld.) 378; People v. Van Houter, 38 Hun 168; Braddee v. Brownfield, 9 Watts 124; Wertz v. May, 21 Pa. (9 Harris) 274; Travelers' Inc. Co. v. Sheppard, 85 Ga. 751; 12 S. E. 18; Bran v. Campbell, 86 Ind. 516; People v. Gay, 7 N. Y. (3 Seld.) 378; Osmun v. Winters, 25 Or. 260, 35 Pac. 250. (2) This is a suit on a contract to recover commission for the sale of real estate, and testimony as to the value or rental value of the property, was wholly inadmissible. Hipsley v. Co., 89 Mo. 348; Brennan v. St. Louis, 92 Mo. 482. (3) Where evidence is utterly incompetent for any purpose a general objection to its admission is sufficient. State v. Patnak, 107 Mo. 47; Alcove v. Railroad, 108 Mo. 82; Hayne on New Trial and Appeal, sec. 105, p. 294; Merrit v. Leaman, 2 Sheldon 168; Nightingale v. Scannell, 18 Cal. 315; State v. Flanders, 38 N. H. 324; Pool v. Devers, 30 Ala. 672; Rogers v. Troots, 51 Mo. 470; Peck v. Chouteau, 91 Mo. 138. (4) Incompetent evidence is never

harmless where it may influnece the jury.  Shoe Co. v. Hilig, 7 Mo. App. 301; State v. Whelehon, 102 Mo. 17; Robertson v. Tapley, 48 Mo. App. 239.   (5)  Where the compensation for services rendered, or the price of property sold, or materials furnished is stipulated by express agreement, no evidence of value is admissible. Gibney v. Turner, 52 Ark. 117; 12 So. 201; Pettibone v. Lake View Town Co., 134 Cal. 227; 66 Pac. 218; Whitton v. Sullivan, 96 Cal. 480; 31 Pac. 1115; Byrne v. Byrne, 47 Ill. 507; Brigham v. Hawley, 17 Ill. 38; Hart v. Coran, 3 Bibb 26; Craig v. French, 181 Mass. 282; 63 N. E. 893; Knowlton v. Sewall, 10 Allen 34; Campau v. Moran, 31 Mich. 280; Carpenter v. Taylor, 164 N. Y. 171; 58 N. E. 53; Van Orden v. Fox, 32 N. Y. App. Div. 173; 52 N. Y. Supp. 1, 863; Doyle v. Edwards, 15 S. D. 648; 91 N. W. 322; Lorhner v. Wilcox (Civ. App. 1897), 43 S. W. 27.

*F. H. Lee* and *Nichols & Bond* for respondent.

(1)   Where the character of a witness is attacked by the ordinary methods of impeachment or by evidence that he has made different statements out of court than those made in court under cross-examination, or that he has made statements out of court that he denies having made, under cross-examination, evidence of the general good reputation of the witness is admissible to repel the attack.  And the same rule applies where the witness is a party to the suit, since the impeaching evidence goes to his credibility as a witness and not as a party.  Browning v. Railroad, 118 Mo. App. 449; Berryman v. Cox, 73 Mo. App. 67; Miller v. Railroad, 5 Mo. App. 471; Walker v. Phoenix Ins. Co., 62 Mo. App. 209; State v. Speritus, 191 Mo. 24; Paine v. Tilden, 20 Vt. 554.   (2)  The order of receiving evidence is a matter for the discretion of the trial court and the appellate court will not interfere unless the discretion has been abused.  Waterworks v. Joplin, 177 Mo. 496; State v

Thornhill, 177 Mo. 691; Stone v. Cook, 179 Mo. 525; Seibert v. Allen, 61 Mo. 482; Greeley v. Provident Savings Bank, 103 Mo. 212; Jefferson v. Ummelman, 56. Mo. App. 440; Fullerton v. Fordyce, 144 Mo. 519; Feary v. Street Ry. Co., 162 Mo. 75; Weller v. Railroad, 164 Mo. 180; State v. Dilts, 191 Mo. 665; State v. Swisher, 186 Mo. 1; State v. Miles, 199 Mo. 530. (3) The fact that evidence was improperly admitted does not constitute grounds for reversal, unless it appears that the admission of such evidence was prejudicial to the party objecting. Coats v. Lynch, 152 Mo. 161; Sanders v. Bldg. & Loan Assn., 178 Mo. 674; Doyle v. Trust Co., 140 Mo. 1; Hollenbeck v. Railroad, 141 Mo. 97; Moss v. Kauffman, 131 Mo. 424; Griffith v. Gillum, 31. Mo. App. 33; Miller v. Miller, 14 Mo. App. 418. (4) Reasons for objecting to evidence must be stated specifically at time of making objection. And where the reasons given are merely general, such as that the evidence is improper, incompetent, immaterial, etc., the appellate court will not review the question of the admissibility of the evidence. Randall v. Railroad, 102 Mo. App. 342; Gayle v. Missouri Car & Foundry Co., 177 Mo. 427; Stoner v. Royar, 200 Mo. 444; Clark v. People's Collateral Loan Co., 46 Mo. App. 245; Glenville v. Railroad, 51 Mo. App. 629; Guinotte v. Egelhoff, 64 Mo. App. 356; State v. Wright, 134 Mo. 404; Stark v. Publishers, 160 Mo. 529; Longan v. Weltmer, 180 Mo. 322. (5) On an issue as to whether or not a contract was made as claimed, any circumstances bearing thereon, or any evidence tending to render that fact probable or improbable, is relevant. 3 Ency. of Evid. 517; Nordyke & Marmon Co. v. Kehlor, 155 Mo. 643; Mosby v. Commission Co., 91 Mo. App. 500; Tufts v. Chester, 62 Vt. 353; Mudgett v. Emerson, 67 N. H. 234; 30 Atl. 343; Eaton v. Welton, 32 N. H. 352; Randall v. Preston, 52 Vt. 198; Shrimptin v. Netzorg, 104 Mich. 225; 62 N. W. 343; Glessner v. Patterson, 164 Pa. St. 224; 30 Atl. 355.

GRAY, J.—The appellants sued respondent in an action on contract, before a justice of the peace, for commission alleged to be due appellants for the sale of certain real estate in the city of Joplin, belonging to the respondent. Trial in the circuit court of Jasper county, February 27, 1908, before a jury, resulting in a verdict and judgment for defendant, and plaintiffs appealed.

The facts briefly stated are as follows: The plaintiffs were real estate agents in Joplin, and the defendant was the owner of two lots in the city. The plaintiffs claimed they had a contract with defendant by the terms of which he agreed to give them as commission all sums in excess of one thousand dollars they could realize on a sale of the property. The respondent claimed that this only applied to one of his lots and not both of them. The appellants found a purchaser for both of the lots for $1,150, and respondent refusing to make the deed, brought this suit to recover their commission of $150.

There are but two questions in the case: First, the court permitted witnesses to testify to the value of the respondent's property. The testimony was offered by the respondent, and was for the purpose of corroborating his testimony that he did not offer both lots for $1,000, as their market value was greatly in excess thereof. Second, the court permitted two witnesses to testify to the general reputation of the respondent for truth and veracity. On cross-examination respondent was asked the following question: "Did you not tell him (one Bartlett) one day, you thought you had sold your property but the old woman would not sign the deed and you was glad she would not because you really thought it was worth more money?" The witness answered: "I never told the gentleman any such thing." Before Bartlett was placed on the stand, and before respondent had rested his case in chief, he called the two witnesses as above stated, who testified over the objec-

tion and exception of appellants' attorney, that the respondent's reputation for truth and veracity was good.

As to the first point, we believe the court did not err in permitting witnesses to testify to the value of the real estate. The issues between plaintiffs and defendant were closely drawn. In support of the respondent's contention that he did not offer to sell both of his lots for $1,000, he offered the testimony to prove that such an offer would have been unreasonable, for the reason that the property had a market value greatly in excess thereof. We believe the testimony was proper and material, and the court committed no error in admitting it. [Lane v. Mo. Pac. R. R. Co., 132 Mo., l. c. 18.]

In the above cause, Judge SHERWOOD said: "It is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable."

The second point is not so easily disposed of. There is no question but what the court should have sustained appellants' objection to the testimony of the supporting witnesses at the time the same was offered. At that time no contradictory statement or fact had been shown that put the character of the respondent in issue. [State v. Cooper, 71 Mo. 436.] After the evidence was all in, testimony of the character offered was proper. As stated above, the respondent was asked the question, if he had not made a statement contradictory to the testimony he was then giving. This he denied, and subsequently a witness was placed on the stand who testified respondent did make such statement. Under these circumstances, testimony of the character offered is admissible. [State v. Christopher, 134 Mo. App. 6; Miller v. St. Louis R. Co., 5 Mo. App. 471; Alkire Grocery Co. v. Tagart, 78 Mo. App. 166; Walker v. Phoenix Ins. Co., 63 Mo. App. 209; Berryman v. Cox, 73 Mo. App. 67; Browning v. Railroad, 118 Mo. App. 449.]

Was the admission of this testimony out of the regular order, such an error as to require the cause to be remanded for a new trial? Section 865, Revised Statutes 1899, reads: "The Supreme Court or Court of Appeals shall not reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant or plaintiff in error and materially effecting the merits of the action." In Easley v. The Railway Co., 113 Mo. 236, evidence was admitted in chief which was relevant in rebuttal only, and the court held (citing above statute) that such error could not justly be regarded as prejudicial to defendant's substantial rights upon the merits. In Wheeler v. Reynolds Land Co., 193 Mo. 279, the defendant over the objection of plaintiff, was permitted to introduce certain evidence before the plaintiff had closed his case in chief. This action was complained of on appeal. Judge VALLIANT delivered the opinion of the court and said: "The order in which proof is allowed to be introduced, however, is to a great degree, within the discretion of the trial court, and where upon the whole record it appears that no material wrong is done, the judgment will not be disturbed. The error in receiving the evidence of the defendant out of its order did not affect the merits of the plaintiff's case, and therefore the judgment will not, for that reason be reversed."

In addition to the above, it has been decided many times by both of the Courts of Appeals and the Supreme Court, that the order of proof rests in the sound discretion of the trial court, and unless that discretion is grossly abused, or the ruling of that court is evidently prejudicial, its action furnishes no ground for complaint. If we should reverse the case for the error complained of, the same evidence would be admissible only at another period of the trial. We believe to reverse the case for this error, would not be following

the provisions of the statute above cited, and therefore, the judgment of the trial court is affirmed. All concur.