JAMES H. SHOFFNER, Appellant, v. A. C. FINK, Administrator, Respondent.

Springfield Court of Appeals, April 1, 1912.

1. EVIDENCE: Civil Actions: Character of Party Litigant: Evidence of Reputation Not Admissible, When. Plaintiff filed a claim against the estate of a deceased person, founded upon two checks, which he claimed the deceased executed to him for money borrowed. In the trial of the case in the circuit court the defendant was permitted to prove by witnesses that the plaintiff's general reputation as a law abiding citizen was bad; that he had the general reputation of being a gambler and bootlegger. The plaintiff did not testify. It appeared from the finding of facts that the court was influenced by the testimony of the character and reputation of the plaintiff. *Held*, that it was reversible error to permit the defendant to introduce the evidence of the general bad character of plaintiff.

2. ————: ————: ————: ————. In civil actions generally, the character of neither party is in issue and cannot be the

163 App.—8

subject of attack unless it is in fact supported by the adversary or put in issue by the nature of the proceedings itself, in which the value of such character and reputation is to be considered in assessing damages as in the cases of libel, slander and malicious prosecution.

Appeal from Polk Circuit Court.—*Hon. C. H. Skinker,* Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* for appellant.

(1) In civil actions the character of neither party, until put in issue, can be inquired into, unless it is put in issue by the proceeding itself. Gutzwiller v. Lackmann, 23 Mo. 172; Roger and Gillis v. Troost's Admr., 51 Mo. 470; Dudley v. McClure, 65 Mo. 241; Vawater v. Hultz, 212 Mo. 639; Black v. Epstein, 221 Mo. 304; Lumber Co. v. Hartman, 48 Mo. App. 647; Grocer v. Targart, 78 Mo. App. 166; Gordon v. Miller, 111 Mo. App. 250; Stewart v. Watson, 133 Mo. App. 47; Bank v. Richmond, 235 Mo. 532.

*L. Cunningham* for respondent.

(1) The evidence of the character of plaintiff was properly admitted. In re Estate of Imboden, 128 Mo. App. 555. (2) A jury being waived, the case was tried before the court and the same strictness in admitting evidence is not required as in jury trials, the presumption being that the court disregarded the incompetent evidence, if any was admitted. Cornice v. Trust Co., 146 Mo. App. 57; Lewis v. Frankle, 138 S. W. 64. (3) A judgment should not be reversed where the right result was reached, although the record shows the proceedings were irregular and perhaps erroneous and the appellate courts should disregard errors that produce no injury. Cross v. Gould, 131 Mo. App. 593; Woody v. Railroad, 104 Mo. App.

C84; Hanley v. Holton, 120 Mo. App. 393; O'Keefe v. United Railways, 124 Mo. App. 623; Stumpe v. Kopp, 201 Mo. 419; Sanders v. Building & Loan Assoc., 178 Mo. 681.

GRAY, J.—This suit originated in the probate court of Polk county, wherein the plaintiff filed his demand against the estate of James T. Price, deceased, founded upon two checks which he claimed the deceased executed to him for money borrowed. The defendant, as administrator of the estate, successfully resisted the allowance of the demand, and the plaintiff appealed to the circuit court, wherein the case was tried anew, resulting in a judgment in favor of the defendant, and plaintiff appealed to this court.

The deceased lived on a farm near Bolivar, and kept an account with the Polk County Bank of said city. He came to Bolivar Saturday morning, October 29, 1910, and remained in town all that day, but returned home sometime Sunday morning. The next day he shot himself and died on the 2nd day of November, 1910. The plaintiff claimed that on the 29th day of October, he let the deceased have $155, for which the latter executed two checks, payable to plaintiff's order, and delivered them to him; that at the time of the execution of the checks, the bank was closed and the deceased said he must have the currency that night, and to accommodate him, plaintiff let him have the money and took the checks therefor. There was no evidence of any use the deceased made of the money thus obtained, and when he shot himself, he had only seventy-five cents on his person. There was some testimony that the checks were not in the handwriting of the deceased, and also that he was intoxicated at the time it is claimed the checks were executed. Without further reviewing the testimony, it is sufficient to say that the issues were for the court

as a jury, and unless error was committed in the admission of testimony, the judgment must be affirmed.

The plaintiff did not testify, and defendant was permitted to prove by witnesses that the plaintiff's general reputation as a law-abiding citizen was bad, and that he had the general reputation of being a gambler and bootlegger. The court made a special finding of facts, which contained the following: "I further find that considering the unusual nature of the transaction testified to by said witnesses, the character of said witnesses and the general reputation of the plaintiff, and all the facts and circumstances in evidence, that the plaintiff did not loan said Price the $155 as claimed or any other sum, and that said Price did not sign or execute either of the checks sued upon." It therefore fully appears from the finding of facts that the court was influenced by the testimony of the character and reputation of the plaintiff, and that the same was considered in determining the question whether plaintiff's demand was a valid one. This being true, the case presents but a single point for decision, and that is, whether it was proper to permit the defendant to introduce the evidence of the general bad character of the plaintiff.

In 16 Cyc. 1263, it is said: "That a person did or did not do a certain act because his character would predispose him to do or not to do it is an inference which, although sometimes logically probative, the English law of evidence, with some exceptions, absolutely rejects, in civil cases." In support of the text the author cites the following cases from this state: Dudley v. McCluer, 65 Mo. 241; Gutzwiller v. Lackman, 23 Mo. 168; Boggs v. Lynch, 22 Mo. 563; Alkire Grocer Co. v. Tagart, 78 Mo. App. 166; Home Lbr. Co. v. Hartman, 45 Mo. App. 647.

In Stewart v. Wattson, 133 Mo. App. 45, 112 S. W. 762, the plaintiff sued for damages which he had sustained by an assault and battery made upon

him by the defendant. On the trial, plaintiff's counsel was permitted to prove by a witness that the general reputation of the defendant in the community, as to being a quarrelsome, dangerous, violent and turbulent man, was bad. The St. Louis Court of Appeals held the testimony incompetent, and said: "It is certain that in actions of this nature, and in civil actions generally, the character of neither party is in issue and cannot be the subject of attack unless it is first supported by the adversary or placed in issue by the nature of the proceeding itself. In civil actions, character and reputation is put at issue only by the nature of the proceeding in that class of cases such as libel, slander, malicious prosecution, etc., in which its value is to be considered in assessing the damages." To the same effect are Hatch v. Bayless, this day decided by this court: Vawter v. Hultz, 112 Mo. 633, 20 S. W. 689; Gordon v. Miller, 111 Mo. 342, 85 S. W. 943.

Under the authorities in this state, the evidence was not admissible, and as the finding of facts shows the court considered such testimony in reaching its conclusion, the error was prejudicial, for which the judgment must be reversed and the cause remanded. All concur.